ANGELINE LONG, Administratrix,

*v.*

ELMER B. THOMPSON, Guardian, *et al.*

1. NOTICE—*necessity thereof, in judicial proceedings.* The principle is very general, subject to few exceptions, that all persons whose rights are to be affected by an order or judgment of a court, must have notice, actual or constructive, of the pendency of the proceeding against them.

2. SAME—*in respect to an order of distribution of money of an estate.* In case of a surplus remaining in the hands of an administrator from the sale of lands directed to be sold to pay debts, an order made by the probate court for its distribution, without notice to those entitled thereto, is void.

3. ORDER *of distribution—setting it aside at a subsequent term.* Where a probate court improperly made an order for the distribution of money in the hands of an administrator, without notice to those entitled thereto, there having been no final settlement of the administration, and nothing done under the order of distribution, the whole matter was *in fieri*, and it was competent for the probate court, on notice to the administrator, to set aside such order at a subsequent term.

APPEAL from the Circuit Court of DuPage county; the Hon. SILVANUS WILCOX, Judge, presiding.

Messrs. VAN ARMAN & VALLETTE, for the appellant.

Messrs. PAGE & PLUM, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment rendered by the circuit court of DuPage county. Appellant, Angeline Long, as administratrix of her deceased husband, Abram Long, who died intestate, obtained an order of the county court of DuPage county to sell the real estate of the intestate to pay debts, subject to her dower right as widow. A sale was made, and after the payment of the debts there remained a surplus in the hands of the administratrix, subject to distribution, the sum of $942.53.

At a special term of that court, held on the 5th of September, 1866, without any notice served upon the heirs, or any notice published, or notice of any kind to the heirs, and in the absence of their guardians, an order of distribution of this surplus was made by the court, distributing to the administratrix one-third part thereof, being $314.17, and to the heirs the remainder, according to their respective rights and interests. It was further ordered, in and by the same order, that the administratrix make payment and distribution of the sum so remaining in her hands, to the parties entitled, according to their rights and interests as determined and decreed by the court, and that the administratrix file in court receipts of the parties for the amounts to which they are respectively entitled, taking, in case of minors, the receipts of their guardians.

The administratrix did nothing under this order, or take any steps in the direction of carrying it out, when a notice was served upon her by the parties interested in said order, that they would apply to the probate court at the February term, 1870, for an order vacating and setting the same aside.

The motion was heard by the probate court at that term, and an order duly entered vacating the same.

From this order the administratrix appealed to the circuit court, and on a hearing there the order was affirmed.

To reverse this order, the administratrix appeals.

Two principal questions are made by appellant on this record. The first is, that notice to the heirs of the distribution of the fund was unnecessary, the statute nowhere requiring notice; second, the probate court being a court of record, its judgments and orders entered at one term can not be vacated and set aside at a subsequent term.

These questions are elaborately argued, and we concur in much that has been urged in support of them. On the first question, counsel cite the proviso of the 8th section of the act of 1857, amendatory of the statute of wills, by which it is declared that the overplus arising from the sale of lands of an intestate, under an order of court, if there be any, shall be distributed among heirs and devisees, owners, or such other person as may be entitled thereto. Laws of 1857, p. 140.

As this statute does not, in terms, require notice to heirs and distributees, it is insisted distribution could be legally made without any notice.

We apprehend that the principle is very general, subject to few exceptions, that all persons whose rights are to be affected by an order or judgment of a court, must have notice, actual or constructive, of the pendency of the proceeding against them. Parties in interest must be parties in a suit or proceeding which may affect their interests. Mitford's Ch. 39 ; Story's Eq. Pl. 185. This case is a good illustration of the propriety of this rule; for, had the distributees, or their guardians, been notified that an order of distribution was to be entered, they could have resisted that portion of the order which allowed appellant, as widow, one-third of the surplus, the legality of which is not pretended by her counsel.

Was this a bill in chancery for distribution, it will not be denied all the distributees would be made parties. *Morris et al.* v. *Hogle et al.* 37 Ill. 150. Wherein this proceeding differs from a bill in chancery, in principle, we can not discover.

The principle that notice to parties must be given, to conclude them, pervades the entire realm of jurisprudence. *Hopkins et al.* v. *McCann,* 19 Ill. 116.

As to the second point, it will be observed the administratrix had made no final settlement of her administration, nor had she paid the distributees under this order. Until this was done, the whole matter was *in fieri.* Under such circumstances, nothing having been settled, we do not question the power of the probate court to retrace its steps for any error which may have marked its progress.

The order entered at the special term, in September, 1866, was *ex parte,* and remaining unexecuted up to the date of the motion to vacate it, we can see no reason why it should not, on notice to the administratrix, be vacated. The authority so to do we must regard as incident to those general powers that a court possesses, and which are indispensable to their right exercise. It saves the delay and expense of appeals and writs of error, or proceedings in equity, and is otherwise productive of convenience and promotive of the ends of justice.

The order of distribution being void as to the heirs, they having had no notice, and nothing having been done under the order, there was no error in the court, at a subsequent term, in proceeding to set aside the order.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*