MOLLIE REIZER

*v.*

WILLIAM K. MERTZ, Exr.

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

1. EXECUTORS AND ADMINISTRATORS—*notice to heirs, of final settlement, is essential.* Under section 112 of the Administration act, notice to the heirs of the decedent of the presentation of the final report of the executor or administrator is essential before the county court can enter an order approving such report and discharging the executor or administrator.

2. SAME—*court must fix manner of giving constructive notice to heirs.* Under section 112 of the Administration act, providing that the heirs of the decedent shall be notified of an intended final settlement "in such manner as the court may direct," the fixing by the court, by an order entered of record, of the manner in which such notice shall be given, if the notice is constructive, is jurisdictional.

3. SAME—*when a constructive notice of a final settlement is not binding on non-resident heir.* Notice, by publication, of a proposed final settlement by an executor or administrator is not binding upon a non-resident heir, where the court did not fix the manner of giving notice prior to the time it was given.

4. SAME—*petition by non-resident heir to vacate order approving an executor's report is not a collateral attack.* A petition by a non-resident heir to vacate an order approving the executor's final report and to require the executor to pay to the petitioner her distributive share of the estate does not constitute a collateral attack upon the order approving the executor's report.

5. SAME—*when order approving executor's final report is without jurisdiction.* An order approving an executor's final report is without jurisdiction, and void as against a non-resident heir hav-

ing no actual notice, where the court failed to fix the manner of giving constructive notice, even though the executor gave notice by publication in proper form, and the order recites that he has made, "due proof of the publication of notice, fixing upon this term of court for the filing of his account current and final report."

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. T. N. MEHAN, Judge, presiding.

LYMAN LACEY, Sr. & SON, and JOHN W. PITMAN, for appellant:

The county court, in the settlement of estates, is vested with equitable as well as legal powers. *Wadsworth* v. *Connell*, 104 Ill. 378; *In re Corrington*, 124 id. 378; *Shepard* v. *Speer*, 140 id. 246; *Brandon* v. *Brown*, 106 id. 524.

The county court, on motion at a subsequent term, in the exercise of its equitable jurisdiction, has power to set aside its own order allowing a claim against an estate, if fraud, mistake or accident intervened. *Schlink* v. *Maxton*, 153 Ill. 449; *Sherman* v. *Whiteside*, 190 id. 578; *Ford* v. *Bank*, 201 id. 129; *Millard* v. *Harris*, 119 id. 185.

The payment by the executor, to the other heirs of the deceased, of the distributive share of the estate due the appellant, on the mere presumption she was dead when in fact she was alive, was invalid, null and void. *Thomas* v. *People*, 107 Ill. 517.

Jurisdiction of the person and subject matter is essential to the validity of a judicial sentence. If either is wanting the judgment of the court is void. *Campbell* v. *McCahan*, 41 Ill. 49; *Long* v. *Long*, 60 id. 27; *Botsford* v. *O'Conner*, 57 id. 72; *Campbell* v. *Campbell*, 63 id. 462; *Thomas* v. *People*, 107 id. 517.

Executors and administrators are trustees, and the law of trusts is applicable to them,—*i. e.*, trustees of distributive shares after payment of all debts. Jones & Cunningham's Pr. 357.

R. W. MILLS, for appellee:

Appellant was constructively before the county court when the executor's final report was approved and the order of distribution made of which she complains.

The order expressly finds that "due proof of the publication of notice" of the intention of the executor to present' his final account at that term had been made, and this is sufficient to give it jurisdiction of the appellant.

The notice in evidence conforms to the requirements of section 3 of chapter 100 of our statutes, entitled "Notices," and will therefore fill the measure of section 112 of chapter 3. *Madden* v. *Cooper,* 47 Ill. 359; *Knowlton* v. *Knowlton,* 155 id. 158; *Moore* v. *Neil,* 39 id. 256.

In the absence of proof to the contrary, the court will presume that the matter of hearing the final report was regularly continued from term to term. *Housh* v. *People,* 66 Ill. 178; *Ward* v. *Durham,* 134 id. 195.

In the settlement of estates of intestates the county court is a court of general and unlimited jurisdiction, and every presumption and intendment in favor of its jurisdiction must be indulged in. *People* v. *Gray,* 72 Ill. 343; *Frank* v. *People,* 147 id. 105; *Housh* v. *People,* 66 id. 178; *Probst* v. *Meadows,* 13 id. 157; *Espen* v. *Hinchliffe,* 131 id. 468.

Actual notice was not necessary. 2 Woerner on Law of Administration, 1230; 18 Cyc. 663; Freeman on Judgments, 319a; *Ferguson* v. *Yard,* 166 Pa. St. 586.

A decree of distribution properly made, after due notice, is in its nature final, unless set aside for fraud or appealed from within the time limited by law, and concludes all parties interested. 18 Cyc. 663; Freeman on Judgments, 319a.

An order of a probate court directing the distribution of the estate of a deceased person to persons whom the court finds to be the heirs-at-law and entitled to the estate is conclusive, and furnishes full protection to the administrator unless appealed from. *Kellogg* v. *Johnson,* 38 Conn. 269; *Exton* v. *Zule,* 14 N. J. Eq. 501; *Sayre* v. *Sayre,* 16 id. 505;

18 Cyc. 632; *Paullisson* v. *Loock,* 38 Ill. App. 510; 2 Woerner on Law of Administration, sec. 506.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a petition filed by the appellant in the county court of Cass county, to the September term, 1905, of said court, against the appellee, as executor of the last will and testament of Randall J. Adkins, deceased, to vacate an order of said county court entered on February 3, 1902, approving the final report of the appellee as such executor, wherein said executor took credit for the amount of the distributive share of appellant in said estate and asked to be discharged from further acting or accounting as such executor, and to require said executor to pay to the appellant her distributive share of the estate of said Randall J. Adkins, deceased, which, it was averred, amounted to the sum of $829.25, with interest thereon at ten per cent per annum from February 3, 1902, to the date of the filing of said petition. An answer and replication were filed, and upon a trial in the county court the petition was dismissed, and the appellant prosecuted an appeal to the circuit court of said county, where a like order was entered, whereupon the appellant removed the case, by appeal, to the Appellate Court for the Third District, where the order of the circuit court was affirmed, and a further appeal has been prosecuted to this court.

It appears from the record that Randall J. Adkins died testate in Cass county on December 15, 1897; that his will was duly admitted to probate; that appellee, who was named in the will as executor, qualified as such; that the will provided that the residue of the estate should be distributed in accordance with the Statute of Descent of the State of Illinois; that the testator left him surviving eight brothers and sisters or their descendants; that the appellant was a child of a deceased sister of the testator and entitled to the one-sixteenth part of his residuary estate, which on February 3,

1902, amounted to $829.25; that the appellee caused to be published in the *Sangamon Valley Times* a notice that on Monday, the 4th day of November, 1901, he would present to the county court of Cass county his final report and ask to be discharged, which notice, together with the publisher's certificate of publication, is in the following form:

> "Office of SANGAMON VALLEY TIMES,
> Eb. Spink, Publisher.
> CHANDLERVILLE, ILL., *Nov. 2, 1901.*

| | |
|---|---|
| FINAL SETTLEMENT NOTICE.<br>State of Illinois, Cass County—ss.<br>Estate of Randall J. Adkins, deceased.<br>*To the heirs and creditors of said estate:* You are hereby notified that on Monday, the 4th day of November, 1901, the administrator of said estate will present to the county court of Cass county, at Virginia, Illinois, his final report of his acts and doings as such administrator, and ask the court to be discharged from any and all further duties and responsibilities connected with said estate and his administration thereof, at which time and place you may be present and resist such application if you choose so to do.<br>　W. K. MERTZ, *Administrator.* | I, the undersigned publisher of the *Sangamon Valley Times,* a weekly newspaper published in Chandlerville, county of Cass, and State of Illinois, do hereby certify that the legal notice of which the annexed is a true copy, was published according to law in said paper 3 consecutive weeks, the first insertion being on the 18th day of Oct., '01, and the last the 1st day of Nov., '01.<br>　EB. SPINK, *Publisher."* |

—a copy of which notice and certificate of publication, together with what purported to be the final report of appellee as such executor, was filed in the office of the clerk of said county court on November 4, 1901. The report showed receipts and disbursements to the amount of $20,027.34, and the executor took credit therein for the sum of $1658.50 "by deposited with A. C. Coil, treasurer of Cass county, Illinois, being the amount of the distributive share of said estate due Mary Brayman and Eliza Waldron, heirs of R. J. Adkins, dec'd, whose whereabouts is unknown and who cannot be found by executor." The maiden name of the appellant was

Mary Brayman, and the appellant and Eliza Waldron are the sole heirs-at-law of Elizabeth Adkins, a deceased sister of said Randall J. Adkins, deceased. No action was taken upon the report of said executor until February 3, 1902, when the heirs of Randall J. Adkins other than the appellant and Eliza Waldron appeared and filed a petition in said county court against said executor, representing that the appellant and said Eliza Waldron had not been heard of by their relatives and friends for the period of twenty years and more, and that the presumption was that they were dead at the time and prior to the death of said Randall J. Adkins, deceased, and asked that the distributive shares of the appellant and said Eliza Waldron in said estate be distributed among the other heirs of said Randall J. Adkins, deceased, whereupon the court heard evidence in support of the allegations contained in said petition and granted the prayer thereof, and entered an order directing the executor of said estate to distribute the shares of the appellant and Eliza Waldron in said estate among the other heirs of said Randall J. Adkins, deceased, and thereupon the executor paid over to the attorneys representing said heirs, the shares of appellant and Eliza Waldron in said estate, and under the direction of the court the executor modified his report by striking out the clause thereof heretofore set out, showing the distributive shares of the appellant and Eliza Waldron in said estate had been deposited in the county treasury of Cass county, and inserted therein, in lieu of such statement, a statement that the distributive shares of the appellant and Eliza Waldron had been paid to Mills & Clifford, the attorneys who represented the other heirs of said Randall J. Adkins, deceased, and the report of the executor was then approved by the county court. In the fall of 1904 the appellant, who was a resident of the State of Kansas, learned for the first time of the death of Randall J. Adkins and that she was a devisee under his will, and soon thereafter, through her attorney, made a demand upon the appellee, as executor,

that he pay to appellant her distributive share of the estate of said Randall J. Adkins, deceased, which he declined to do, and now alleges as the ground of such refusal that he paid appellant's distributive share of said estate to the heirs of Randall J. Adkins, deceased, other than the appellant and Eliza Waldron, under the order of the county court of Cass county, and that he has no funds in his hands belonging to appellant.

It is conceded that the appellant is an heir-at-law of Randall J. Adkins, deceased, and was at the time the appellee filed his report in the county court of Cass county, on November 4, 1901, entitled to the sum of $829.25 as her distributive share of said estate, and the sole question here presented for decision is, was appellant barred of her right to receive such distributive share by the order of the county court of Cass county, entered on February 3, 1902, directing the appellee to pay her distributive share of said estate to the heirs of Randall J. Adkins, deceased, other than appellant and Eliza Waldron, and approving the final report of said executor and discharging such executor?

From the view we take of this case it will be necessary to consider but one question, namely, that of jurisdiction in the county court of Cass county to make the order authorizing the appellee to pay the distributive share of the appellant to the heirs of Randall J. Adkins, deceased, other than herself and Eliza Waldron, and approving the final report of said executor showing such payment, and discharging the appellee from further acting or accounting as such executor; and the solution of that question hinges upon the question whether that court had jurisdiction of the person of the appellant at the time said order was made, as we think it must be conceded that court had jurisdiction of the subject matter, the subject matter being the estate of Randall J. Adkins, deceased.

There was no notice given to the appellant of the filing of the petition by the heirs of Randall J. Adkins, deceased,

223—36

asking the court to direct the executor to distribute the shares of appellant and Eliza Waldron among the other heirs of said decedent. If notice to appellant was necessary before the county court was authorized to finally dispose of appellant's distributive share of said estate, then the appellee is forced to rely upon the notice published in the *Sangamon Valley Times,* heretofore referred to, as that is the only notice of any kind or for any purpose which was ever given by appellee, or anyone else, with reference to the settlement and distribution of said estate and the approval of the executor's final report and the discharge of said executor. That notice to appellant of the presentation and approval of said executor's final report and his application for discharge as such executor, which report showed the executor had paid the appellant's distributive share in said estate to the heirs of Randall J. Adkins other than appellant and Eliza Waldron, was necessary before an order of the county court approving said final report and discharging the executor could be made which would be binding upon the appellant, is too clear for argument. The statute of this State so provides and this court has so held repeatedly. Section 112 of chapter 3, entitled "Administration of Estates," provides: "No final settlement shall be made and approved by the court, unless the heirs of the decedent have been notified thereof, in such manner as the court may direct." And in *Long* v. *Thompson,* 60 Ill. 27, which was decided before the enactment of the foregoing statute, it was said: "The principle is very general, subject to few exceptions, that all persons whose rights are to be affected by an order or judgment of a court must have notice, actual or constructive, of the pendency of the proceeding against them;" and in that case the county court of DuPage county, on motion, set aside and vacated an order of distribution at its February term, 1870, which had been made on the application of the administratrix, without notice to the heirs, on the 5th day of September, 1866, which action was approved by this court. And in *Frank* v. *People,* 147

Ill. 105, it was held, until an administrator of an estate has given notice of final settlement the county court is without authority to enter an order approving the final settlement of the estate and for distribution among the heirs. And in *Bliss* v. *Seaman,* 165 Ill. 422, on page 428, it was said: "The statute (sec. 112, chap. 3,) makes provision that all executors and administrators shall, every year, exhibit accounts of their administration, but that no final settlement shall be made and approved by the court unless the heirs of the decedent have been notified thereof. A partial or annual account of an executor or administrator is usually an *ex parte* proceeding, and is only a judgment *de bene esse* and only *prima facie* correct, and, although not excepted to or appealed from, is open to subsequent correction or challenge." To the same effect is *Marshall* v. *Coleman,* 187 Ill. 556.

The notice relied upon in this case was not actual, but constructive. Section 112 of the Administration act provides that the heirs of the decedent shall be notified of the intended final settlement before its approval, "in such manner as the court may direct,"—that is, the court may direct that the notice of final settlement be actual or constructive; and, regardless of what the law may be where the heirs have actual notice of the presentation of the final report of an administrator or executor and application for discharge, clearly, if the notice is constructive, the court must fix the character of notice to be given the heirs before the notice is given. Here it is apparent the court took no action with reference to the notice provided by the statute to be given the heirs before the notice of the intended final settlement and application for discharge of the executor was given. The notice relied upon was given in October and the report was not filed until November. The fixing by the court of the manner in which the notice of final settlement and application for discharge is to be given, where the notice is constructive, is jurisdictional, and no constructive notice can be given to a non-resident heir of final settlement and application for discharge which

will be binding upon him, unless the court has fixed the manner of giving notice, by an order entered of record, prior to the time such notice is given.

This proceeding is not a collateral attack upon the order approving the executor's report and discharging the executor. (*Moore* v. *Neil,* 39 Ill. 256; *Dennison* v. *Taylor,* 142 id. 45.) In the *Dennison case* it was said (p. 56): "The judgment of a court is collaterally assailed when it is sought to be impeached in an action other than that in which it was rendered." And in the *Moore case* it was held a bill in chancery filed to set aside an administrator's sale was not to be regarded as collateral to the former suit so far as it related to the original parties to that suit. And in *Long* v. *Thompson, supra,* where a probate court improperly made an order for the distribution of money in the hands of an administratrix without notice to the heirs, the whole matter was *in fieri,* and it was competent for the probate court, on notice to the administratrix, to set aside such order at a subsequent term upon motion.

The appellant asked that the order approving the executor's final report and discharging him as such executor be set aside and that the appellee be directed to pay to her her distributive share of said estate. The appellee relied upon the order approving his final report and discharging him as executor. Under the statute and decisions of this court that order was not valid and binding upon the appellant unless it was made after notice, actual or constructive, had been given to the appellant. As constructive service could not be had upon appellant unless the kind of notice which was to be given her in lieu of actual notice had been fixed by the court before it was given, and the court having failed to direct the notice to be given to the appellant which was relied upon to give the county court jurisdiction, the county court of Cass county did not acquire jurisdiction to make the order directing the executor to distribute the appellant's share of the estate of Randall J. Adkins, deceased, among the other heirs

of said Adkins other than the appellant and Eliza Waldron, and said order, as to the appellant, was void.

It is, however, urged the county court found, in its order approving said report and discharging the executor, that appellant was duly notified, by publication, of the term of court fixed for the hearing of appellee's final report and his application for discharge, and that this court will presume, from such finding, jurisdiction in the county court to make the order approving said final report and discharging said executor. The recital in the order of the county court of Cass county approving said report and discharging the executor is: "Now * * * comes said executor and makes due proof of the publication of notice fixing upon this term of court for the filing of his account current and final report." This recital falls far short of a finding that the appellee made proof that the appellant had been duly notified by publication, in accordance with the direction of the county court, of the term of court set for the hearing of appellee's final report and application for discharge, but is a finding that the executor had made due proof of the publication of notice,—that is, had filed the certificate of the publisher of the *Sangamon Valley Times* that said notice had been published three times in that paper.

In case a collateral attack is made upon a judicial proceeding many presumptions will be indulged in favor of the jurisdiction of the court the proceedings of which are attacked which will not be indulged when such proceedings are attacked directly, but even upon a collateral attack, and when the judgment recites that a defendant was duly served with process or duly notified by publication, and the record shows upon its face that such recital is not true, the part of the record containing such recital may be contradicted and impeached by the portions of the record which show such recital to be untrue. So here, if it should be held the recital found in the record that "due proof of the publication of notice" had been made, standing alone, was sufficient to

show jurisdiction, if we look to the notice of publication found in the record it clearly appears therefrom it was the executor, and not the court, who had determined the sort of notice which should be given the appellant of the presentation of said executor's final report and application for discharge, which was not sufficient.

It is also urged that even though the court did not direct the manner in which the appellant should be notified of the presentation of the executor's final report and application for discharge prior to the time such notice was given, the notice given was sufficient, under the provisions of sections 1 and 3 of chapter 100 of the Revised Statutes, entitled "Notices." We think it clear those sections have no application to the case at bar, as section 1 provides that the provisions of that act shall only apply "when any notice shall be required by law or the order of court, or by contract, to be published." In the case at bar no order of court requiring notice of the presentation of the executor's final report and application for discharge to be published had been entered of record by the county court at the time the notice was given. If the county court had by its order directed that the executor publish notice of the presentation of his final report and application for discharge and had failed to fix the length of time the notice should be published, then the provisions of said act as modified by the act in force July 1, 1897, (Hurd's Stat. 1905, p. 1413,) would control; but as the county court did not require a notice to be published of the presentation of said final report and application for discharge, the notice published by the executor in the *Sangamon Valley Times* was published without the direction of the county court and was therefore published without authority of law, and the publication thereof failed to confer upon the county court jurisdiction of the person of the appellant, and its order approving said final report and discharging the executor was, as against the appellant, void.

From a careful examination of this record we are of the opinion the county court of Cass county did not have jurisdiction of the person of the appellant at the time it assumed to direct the executor to pay the appellant's distributive share of the estate of Randall J. Adkins, deceased, to the heirs of said Adkins other than appellant and Eliza Waldron, and that the order of the county court directing the distributive share of the appellant to be paid to persons other than herself and approving the final report of the appellee and discharging him as executor was not a bar to the relief sought by the petition filed by appellant against appellee, and that the judgments of the Appellate, circuit and county courts should be reversed. The judgments of said courts will therefore be reversed and the cause remanded to the county court of Cass county for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*