*In re* ESTATE OF PETRO SEMENIW, Deceased.—(ALBERT N. ADROSSOV, Successor in Office of Vladimir S. Uspenskiy, Deputy Chief of the Consular Division of the Embassy of the Union of Soviet Socialist Republics at Washington, D.C., Appellant, *v.* HELEN SEMENIW, Ex'x of the Estate of Petro Semeniw, Deceased, Appellee.)

First District (2nd Division)    No. 78-1289

Opinion filed October 23, 1979.

Robert J. Krull, of Chicago, for appellant.

Gregory A. Gelderman, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Appellant, Albert N. Adrossov, as a consular official of the Union of Soviet Socialist Republics (hereinafter referred to as the consular official), acting for and on behalf of one Maria Semeniw, a purported resident of the Union of Soviet Socialist Republics, appeals from an order entered by the circuit court of Cook County on May 5, 1978, which denied the consular official's motion to vacate the trial court's prior order of March 2, 1978. The March 2, 1978, order discharged Helen Semeniw (hereinafter referred to as the executrix) as the executrix of the estate of her deceased husband, Petro Semeniw (hereinafter referred to as the decedent), upon the presentation and approval of her final account. The sole issue presented for review is whether the trial court erred in denying the consular official's motion to vacate the trial court's prior order of March 2, 1978.

For the reasons hereinafter set forth, we affirm.

Decedent, a resident of Pulaski County, Indiana, died on July 5, 1974, leaving a last will and testament which was admitted to probate in the circuit court of Pulaski County, Indiana, on November 26, 1975. Decedent's will named Helen Semeniw, "[his] beloved wife," as the sole beneficiary and as the executrix. Decedent's estate consisted of real property situated in both Indiana (the State of primary administration) and in Illinois (the State of ancillary administration).

On September 5, 1974, prior to the admission of the will to probate in the circuit court of Cook County, Illinois, an order was entered by the circuit court of Cook County appointing the public administrator as administrator to collect for the estate. On September 23, 1974, while the estate was being so administered, the circuit court of Cook County entered an order directing that the attorneys for the consular official receive notice of all proceedings in the estate. On December 10, 1974, also

prior to the admission of the will to probate in the circuit court of Cook County, Illinois, the circuit court of Cook County entered an order declaring Helen Semeniw the widow and sole heir of the decedent. On January 8, 1976, the last will and testament of the decedent was admitted to probate in the circuit court of Cook County. Letters testamentary were issued to Helen Semeniw and she assumed the office of executrix.

On March 1, 1976, the consular official petitioned the circuit court of Cook County to amend the order declaring heirship which was entered December 10, 1974. The consular official alleged that Maria Semeniw (the Soviet national), not the executrix (Helen Semeniw), was the widow of the decedent. On July 7, 1976, in the circuit court of Cook County, the consular official filed an exemplified copy of Maria Semeniw's original renunciation of the will.[1]

On August 26, 1976, the executrix filed a motion to dismiss the consular official's petition to amend the order declaring heirship. On February 7, 1977, the circuit court of Cook County entered an order which (1) dismissed the consular official's petition to amend the December 10, 1974, order declaring heirship, (2) vacated the December 10, 1974, order declaring heirship, and (3) found no cause to delay appeal. No appeal was taken from this order.

On March 2, 1978, the circuit court of Cook County approved the final account and discharged the executrix. No notice of this proceeding was served upon the attorneys for the consular official. On March 30, 1978, the consular official filed a petition to vacate the March 2, 1978, order alleging that he was not given notice of the March 2, 1978, proceedings, and that no proceedings were held on Maria Semeniw's renunciation of the will. On May 5, 1978, the consular official's petition to vacate was denied. The consular official appeals.

On December 29, 1978, the executrix filed a motion in this court to extend the time permitted for filing her briefs. Attached to the motion was a copy of the special findings of fact and conclusions of law entered on December 15, 1978, by the circuit court of Pulaski County, Indiana. The Indiana court found that the decedent and the executrix (Helen Semeniw) were married on June 11, 1971, in Ontario, Canada; that the decedent and the executrix lived together as husband and wife from the date of their marriage until the date of the decedent's death; that the decedent in his last will and testament gave his entire estate to his wife, Helen Semeniw; and "that even if the decedent Petro Semeniw had been previously married and the wife of said previous marriage was still living at the time of the second marriage, insufficient evidence has been presented to rebut the presumption that the second marriage is legal and valid." The Indiana

---

[1] The original renunciation was filed by the consular official in the circuit court of Pulaski County, Indiana, on January 20, 1975.

court then decreed that "Helen Eribekjan Semeniw is the lawful widow, the sole and only heir at law, and the sole beneficiary under the last will and testament of Petro Semeniw, deceased, and that she is entitled to receive all of the property of the decedent, Petro Semeniw."

The consular official contends that the trial court erred in denying his petition to vacate the court's prior order of March 2, 1978. He argues (1) that the approval of the final account and entry of the order of discharge was without notice as required by statute and therefore void, and (2) that the approval of the final account and the entry of the order of discharge, without any determination of heirship and the rights of Maria Semeniw, was improper. The executrix contends that the trial court did not err in denying the consular official's petition to vacate. She argues, *inter alia*, the consular official was not entitled to notice because the "petition to declare [Maria Semeniw] the widow of the decedent was denied on February 7, 1977, and therefore she had no interest in the estate."

Section 290 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 290) provides that:

> "Notice of the hearing on any account of a representative of an executor or administrator shall be given as the court directs to unpaid creditors and to every person entitled to a share of the estate who has not received that share in full. If the account is approved by the court upon the hearing, in the absence of fraud, accident or mistake, the account as approved is binding upon all persons to whom notice was given. No notice need be given to any person from whom a receipt in full is exhibited to the court or who enters his appearance in writing and waives notice."

Under statutory provisions of this character the final settlement of an estate cannot be made without giving the notice required by statute (*Reizer v. Mertz* (1906), 223 Ill. 555, 79 N.E. 283; *In re Estate of Lane* (1955), 4 Ill. App. 2d 376, 124 N.E.2d 9 (abstract)), and an order entered without the notice required by statute is subject to vacation (*In re Estate of Smirniotis* (1947), 332 Ill. App. 440, 75 N.E.2d 384 (abstract)). The consular official argues that the filing of Maria Semeniw's renunciation of the will in both Indiana and Illinois entitled the consular official to notice. The executrix argues that the consular official was not entitled to notice because the trial court's order of February 7, 1977, denying the consular official's petition to amend heirship was a finding by the trial court that Maria Semeniw was not the lawful widow of the decedent, and as such was not entitled to share in the assets of the estate. She further argues that the February 7, 1977, order was a final and appealable order from which no appeal was taken by the consular official and that he cannot now appeal therefrom.

The February 7, 1977, order provides:

> "1. The motion of Helen Semeniw [the executrix] filed on August

26, 1976 to dismiss the motion of the Consular Division of the Soviet Republic to amend the heirship is sustained and allowed. 2. The heirship entered in this estate on Dec. 10, 1974 is vacated and set aside.

3. No just cause exists to delay the appeal or enforcement of this order."

It is well settled that the mere fact that a judge says an order is appealable does not make it in fact appealable. Where an order is not appealable, a trial court cannot confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. An order is only appealable if it is final. A final judgment is one that finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof. The dismissal of the consular official's petition to amend the order declaring heirship disposed of the rights of Maria Semeniw for whom the consular official purports to act. Once the court dismissed the consular official's petition to declare Maria Semeniw the lawful heir of the decedent, Maria Semeniw could no longer effectively assert that she was entitled to share in the estate. Nor could she "renounce" the decedent's will because only a spouse can "renounce." Litigation between the parties on this issue was thereby terminated. Thus we conclude that the February 7, 1977, order was a final and appealable order. See *Welch v. Worsley* (1928), 330 Ill. 172, 161 N.E. 493.

Having failed to appeal from the February 7, 1977, order, and since Maria Semeniw could therefore no longer effectively assert that she was entitled to share in the estate of the decedent, section 290 did not necessitate the giving of notice to her representative, the consular official. Thus the trial court did not err in closing the estate without giving notice to the consular official or in denying the consular official's motion to vacate.

Accordingly, the judgment of the circuit court denying the consular official's motion to vacate is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.