95 Ill. App.3d 262 (1981)
419 N.E.2d 1246
In re ESTATE OF VANCE KIME, Deceased.  (ALICE FLOYD, Petitioner-Appellant,
v.
RAYMOND KIME et al., Respondents-Appellees.)
No. 80-332.
Illinois Appellate Court  Third District.
Opinion filed April 21, 1981.
*263 James Walker, Ltd., of Bloomington, for appellant.
Edwin W. Sale, of Kankakee, for appellee Roger Brown.
Vincent P. Paulauskis, of Nutting, Thacker, Sacks & Paulauskis, of Kankakee, for appellees Raymond Kime, Gary Kime, and Carroll Eastman.
Affirmed in part, and reversed in part and remanded.
Mr. JUSTICE ALLOY delivered the opinion of the court:
Litigation in the administration of the estate of Vance Kime has again resulted in an appeal to this court. (See In re Estate of Kime (1976), 42 Ill. App.3d 505, 356 N.E.2d 350.) In this appeal, petitioner Alice Floyd seeks review of various orders entered by the Circuit Court of Kankakee County in the estate proceeding, after remand from the prior appeal. We shall address the specific issues raised after setting forth the factual background essential to an understanding of the disputed matters.
Alice Floyd is a daughter of Vance Kime and she had instituted citation proceedings against her kinsmen, respondents Raymond Kime, Gary Kime, and Carroll Eastman. The citation proceedings were based upon allegations that certain grain and livestock in possession of respondents were in fact owned by the decedent Vance Kime at his death, and not by a partnership between Vance Kime and the respondents. The circuit court, on October 21, 1975, entered its order in the citation proceeding and found that the property was owned by Vance Kime and not by the partnership. The judgment order directed the executors of the estate to inventory the property at issue as part of the estate. The respondents appealed the judgment and this court affirmed the action of the circuit court (42 Ill. App.3d 505).
After remandment for further proceedings, petitioner Alice Floyd filed a motion on May 4, 1979, seeking to have attorney Edwin Sale removed as attorney for the executor. The basis of that motion was the presence of an alleged conflict of interest on the part of attorney Sale in his representation of the executors as well as the respondents in the citation proceeding. The same day, petitioner Floyd also filed objections *264 to the final account in the estate proceeding. She requested that the final account be stricken because of the alleged conflict of interest on the part of attorney Edwin Sale. She also objected to that lack of information or mention in the final account concerning certain prejudgment interest allegedly due the estate on the value of the property which had been the subject of the citation proceeding.
On June 4, 1979, petitioner Floyd filed a petition seeking attorneys' fees and reimbursement of costs from the estate, based upon an alleged benefit to the estate arising as a result of the services of her attorney, James Walker, in the citation proceedings. The basis on which the petition seeking fees and costs was placed was the so-called "equitable fund" doctrine. See Maynard v. Parker (1977), 54 Ill. App.3d 141, 369 N.E.2d 352.
An additional objection to the final account was filed on June 22, 1979, wherein Floyd alleged that the final account failed to accurately reflect the full value of the additional property inventoried as a result of the prior citation proceedings.
Critical to certain issues involved in this appeal are the orders of the circuit court which determined the issues raised by petitioner Floyd in the above set forth motion, petition and objections. The circuit court entered an order on August 20, 1979, with respect to certain matters then pending in the estate. In response to petitioner's motion to remove attorney Sale, because of the alleged conflict of interest, the circuit court found that removal was not clearly warranted at that time. However, the court did order that a special administrator be appointed to represent the estate on the hearing, then pending, on petitioner Floyd's petition for attorney's fees and costs. In directing appointment of a special administrator for that hearing, the court stated its awareness that animosities had developed between the distributees and their counsel. Hearing on the petition for fees was to be in September. Also in the August 20, 1979, order was the court's finding that the question of post-judgment interest had been settled by agreement of the parties. So far as the objection that had been raised to the correctness of the valuation of citation-recovered property, the court directed the special administrator to review and correct the final report, if correction was necessary, and to submit a revised final report, incorporating the decision of the court on interest and any revised valuations. No appeal was taken from any part of the August 20, 1979, order.
The court entered another pertinent order on November 28, 1979, after the hearing on the petition for fees and costs had been concluded. In the order of November 28, 1979, the court discussed and then rejected the argument by petitioner Floyd and her attorney for fees and costs from the estate as a result of an alleged benefit received by the estate in the citation proceedings. The petition for fees and costs was denied, and further *265 hearing was set on remaining issues. No appeal was taken from the order of the court on November 28, 1979, which denied petitioner's claim for fees and costs from the estate.
On January 11, 1980, after further hearings, the court entered an order addressing other objections raised by petitioner Floyd concerning the final account. With respect to the objection based upon attorney Edwin Sale's alleged conflict of interest, which was also the basis for the petition to remove Sale, the court found that the objection was not well founded, and the objection was overruled. Petitioner's other objections to the final account, including that based upon the allegedly incorrect valuation, were also overruled. The court then ordered the special administrator to submit his petition for fees, and the special administrator was also directed to make distribution of the estate's assets in accordance with the final account, after amendment of the final account to reflect an award of fees to the special administrator and the interest due on Alice Floyd's distributive share. No appeal was taken from any part of this order by the circuit court.
On February 13, 1980, a supplemental final report of the executor was filed in circuit court. Objections to the supplemental final report were thereafter filed by Alice Floyd on March 6, 1980. Objection was made that the supplemental report was based upon the final account which had been previously prepared by attorney Edwin Sale. Petitioner again argued that final account should have been stricken because of the alleged conflict of interest on the part of Edwin Sale, and that, therefore, supplemental final report, based upon the final account, should be stricken. Further objection was made that the supplemental final report did not mention and include prejudgment interest due the estate from the respondents in the citation proceeding. This objection was based upon section 2 of the Interest Act. (See Ill. Rev. Stat. 1979, ch. 74, par. 2.) Petitioner Floyd also again objected to the failure of the report to make any provision for payment of her attorney's fees, based upon application of the "fund doctrine" to the benefit allegedly conferred in the citation proceeding. Petitioner also made objection to the valuation in the supplemental final account respecting the property inventoried as a result of the citation proceeding. Other objections were made but are not pertinent to the issues raised on appeal.
The court, on May 27, 1980, entered its order disposing of the objections raised by Alice Floyd to the supplemental final report of the executor. The court found that all of the objections had been ruled upon previously, more than 30 days prior to the filing of the objections. The court stated that no motions for rehearing on those rulings had been filed, nor had other relief concerning them been requested. In concluding that all issues had been previously decided more than 30 days prior to the *266 filing of objections, the court specifically noted its orders of January 11, 1980, November 28, 1979, and August 20, 1979. Accordingly, the court granted pending motions to dismiss and strike the objections by Alice Floyd. In addition, in the order of May 27, the court accepted the supplemental final report, as amended, and approved it for distribution. Thereafter, on June 26, 1980, petitioner Alice Floyd filed her notice of appeal.
In that notice of appeal, Alice Floyd lists six orders over which she seeks appellate review:
"(a) Order of May 27, 1980 striking and dismissing Alice Floyd's Objections to the Supplemental Final Report of the Executor;
(b) Order of January 1, 1980 [January 11] overruling Alice Floyd's Objections to the Final Report;
(c) Order of October 28, 1979 [November 28] denying Alice Floyd's Petition for Attorney Fees;
(d) Order of August 20, 1979 denying Alice Floyd's Petition to Remove Edwin Sale as Attorney for the Executor;
(e) Order of June 19, 1978 denying Alice Floyd's Petition for a rehearing on the denial of her Petition to Remove Executor;
(f) Order of March 1, 1978 denying Alice Floyd's Petition to Remove Executor."
In response to the notice of appeal, the executor of the estate of Vance Kime filed a motion to dismiss or strike the notice of appeal filed by Alice Floyd. In that motion, the executor argues that the orders over which Alice Floyd is now seeking appellate review were orders that finally determined a right or status of interested parties in the estate proceeding. It is pointed out that Alice Floyd should have appealed those orders within 30 days of their entry. (Ill. Rev. Stat. 1977, ch. 110A, pars. 303(a), 304.) Having failed to take appeals from the previous orders, Alice Floyd, according to the executor's argument, may not now raise them on appeal, since the appellate court is without jurisdiction over such attempted appeals. We took the executor's motion to dismiss or strike with the case, and it is to the question of jurisdiction raised therein that we now turn.
So far as the orders of March 1, 1978, and June 19, 1978, mentioned in the notice of appeal are concerned, the petitioner Alice Floyd now concedes that she may have been required to appeal those orders within 30 days of their entry under Rule 304(b)(1). In her brief, she offers to waive her right to appeal from those orders. While questioning whether at this time she has the right to appeal from those orders under Rule 304(b)(1), nevertheless we accept the withdrawal of those issues from the appeal. So far as the orders of August 20, 1979, November 28, 1979, and January 11, 1980, are concerned, however, the petitioner Floyd argues that they did not come within the purview of Rule 304(b)(1), in that they *267 did not finally determine the right or status of a party, and were merely interlocutory orders from which an appeal was not required. Supreme Court Rule 304 states:
"(a) Judgments As To Fewer Than All Parties or Claims  Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.
(b) Judgments and Orders Appealable Without Special Finding. The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
(1) A judgment or order entered in the administration of an estate, guardianship, conservatorship, or similar proceeding which finally determines a right or status of a party.
(2) A judgment or order entered in the administration of a receivership, rehabilitation, liquidation, or other similar proceeding which finally determines a right or status of a party and which is not appealable under Rule 307(a).
(3) A judgment or order granting or denying any of the relief prayed in a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 72).
(4) A final judgment or order entered in a proceeding under section 73 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 73)." 73 Ill.2d R. 304.
 1 It has been established that an order in an estate proceeding which finally determines the right or status of a party must be appealed within 30 days from entry of the order. (In re Estate of Moses (1973), 13 Ill. App.3d 137, 145, 300 N.E.2d 473 (order removing executor); In re Estate of Semeniw (1979), 78 Ill. App.3d 570, 574, 397 N.E.2d 64 (order dismissing petition to amend order declaring heirship). Cf. In re Estate of Storino (1977), 51 Ill. App.3d 49, 51-52, 366 N.E.2d 363 (order appointing guardian).) The committee comments to subparagraph (1) of Rule 304(b) gave as examples of orders those "`admitting or refusing to admit a will to *268 probate, appointing or removing an executor, or allowing or disallowing a claim.'" (13 Ill. App.3d 137, 145.) A central reason behind making the time for appeal of such orders mandatory, and not optional, is that certainty as to some issues is a necessity during the lengthy procedure of estate administration. Little imagination is needed to conjure up the intolerable consequences of permitting a party, at his option, to wait until an estate administration is concluded before appealing an order, entered perhaps several years previously, which denied a motion to remove an executor or allowed a claim against the estate. In such circumstances, were an appellant successful, then the entire administration might have to be begun again. Thus, in the interests of efficiency and the sound and practical administration of estates, orders in estate proceedings must be appealed within 30 days from entry when they finally determine the right or status of a party, even though they are preliminary to a final settlement of estate proceedings. We turn to the orders in question in the instant case.
 2 The order of November 28, 1979, entered by the circuit court made a final determination that petitioner Alice Floyd and her attorney James Walker were not entitled to attorney's fees and costs from the estate, based upon the fund doctrine as applied to their prosecution of the citation proceedings. The petition for fees and costs against the estate was denied. Thus, the court's order of that date determined that petitioner and her attorney had no right to attorney's fees and costs based upon their prosecution of the citation proceedings. The claim for fees as against the estate was denied. As such, under Rule 304(b) (1), if an appeal was desired from that order, it was incumbent upon petitioner Floyd to file a notice of appeal within 30 days of November 28, 1979. No appeal was taken and, therefore, this court has no jurisdiction to review that issue and order.
 3 We reach a similar conclusion with respect to the issue raised as to attorney Edwin Sale's alleged conflict of interest, which was the basis for petitioner's motion to remove him as attorney and the basis for her objections to the final account. In its order of August 20, 1979, the circuit court concluded that removal was not warranted, but it nevertheless appointed a special administrator for the estate as to the hearing on attorney's fees. It is apparent from the court's actions therein that the effect of its order was to deny the request for removal, even though the order did not directly deny the petition for removal. Pertinent to this conclusion is the notice of appeal filed by petitioner Floyd which states that she appeals the "Order of August 20, 1979 denying Alice Floyd's Petition to Remove Edwin Sale as Attorney for the Executor." In her brief to this court, however, Floyd argues that the court, on August 20, 1979, neither denied nor granted the petition for removal and that there was never a final order on the question. Even assuming, arguendo, the correctness of petitioner's construction of the August 20, 1979, order, it is *269 clear that the issue of Sale's alleged conflict of interest, the basis for the removal petition, was finally determined by the court's order of January 11, 1980, wherein the court concluded that the allegations of the conflict of interest were not well founded. That order of January 11, 1980, set to rest the question of Sale's alleged conflict of interest and with it the basis for the removal petition. The order determined that Alice Floyd had no right to have Edwin Sale removed as attorney for the executor because of his alleged conflict of interest. The issue as to the removal of an attorney for the executor is akin to that of removing an executor insofar as the requirements of appealability are concerned. An optional appeal concerning decisions in both cases could have the practical result of endangering all actions by an executor years after they were originally taken. As previously noted, such a result is intolerable to the sound and practical administration of estates. Since the January 11, 1980, order finally determined Floyd's right to have Sale removed as attorney for the executor, based upon his alleged conflict of interest, and since no appeal from that order was taken within 30 days, this court is without jurisdiction to review that decision and order. In re Estate of Moses (1973), 13 Ill. App.3d 137, 145, 300 N.E.2d 473.
In summary, as to the issues concerning the denial of the petition to remove Edwin Sale as attorney for the executor and the denial of the petition for attorney's fees, we conclude that final orders were entered and were not appealed from by petitioner Floyd, as required under Rule 304(b)(1). This court is thereby without jurisdiction to review the determinations concerning those issues and the motion to dismiss the appeal as to those issues is hereby granted.
 4 Petitioner also seeks to appeal two other decisions of the circuit court in the estate proceeding. Petitioner Alice Floyd raises an issue with respect to the correctness of the valuation of the property inventoried in the estate as a result of the citation proceeding, as that valuation appears in the supplemental final report. While the issue of the correctness of the valuation was ruled upon by the court in its order of January 11, 1980, nevertheless the order of January 11 also directed that amendments be made in the final account prior to distribution. Approval of the contents of the final account was not given, and further judicial action with respect to the final account was clearly contemplated and necessary. Thereafter, on February 13, 1980, the supplemental final report was filed with amendments. Objections to that report were then filed by petitioner Floyd, and among them she included an objection based upon the allegedly incorrect valuation of the property acquired as a result of the citation proceedings. That objection was overruled, as a final matter, by the court's order of May 27, which approved the supplemental final report. It is from that order of May 27 that appeal is sought by Alice *270 Floyd. We find that Alice Floyd was not required, under Rule 304(b), to appeal from the order of January 11, 1980, with respect to the valuation issue, since the valuation issue was imbedded in the final account to which amendments were contemplated and approval was withheld. (See In re Estate of Moses (1973), 13 Ill. App.3d 137, 144, 300 N.E.2d 473.) We would also note, in passing, that in deciding the valuation question on January 11, 1980, the circuit court did not determine the right or status of a party to the estate proceedings. What it did at that time was to give preliminary approval to a questioned portion of the final account. A final determination of the valuation issue did not come until the court's order of May 27, 1980, which approved the supplemental final report. Appeal from that order was made within 30 days and the issue is before us on this appeal.
On the substantive question as to the correctness of the valuation, we find that error was made. That such is the case is conceded by the attorney for the estate in his brief to the court, and it is not disputed by the other appellees. It was the attorney for the estate, who now concedes error, that made the initial determination of valuation which appeared in both the final account and the supplemental final report. In the supplemental final report, approved by the court on May 27, 1980, the value of the property inventoried as a result of the citation proceeding in 1975 was set at $85,062.73. It is now conceded that this figure should have been, as Alice Floyd has contended, between $103,499.52 and $103,976.62. Accordingly, we reverse the approval of the supplemental final report, given by order of the court on May 27, 1980, and remand with directions that the supplemental final report be corrected to reflect the actual value of the property acquired through the citation proceedings.
The final issue on this appeal concerns whether the estate is entitled to prejudgment statutory interest at the rate of 5% on the value of the property acquired in the citation proceedings. This issue was raised by Alice Floyd as an objection on several occasions but was never ruled upon by the court until the May 27, 1980, order, which, by implication in approving the final account without that interest, determined that the estate was not entitled to such prejudgment interest. Appeal of this issue is thus properly before us at this time. We would note also that the parties, by agreement, provided that Alice Floyd was to receive interest, at 6%, on her distributive share of the estate from the date of judgment order in the citation proceeding, being October 21, 1975. That issue is not before us on this appeal. Interest now being sought would cover the period of time between when the property was liquidated, being 1972, and the date it was determined to have been owned by Vance Kime, being October 21, 1975. Alice Floyd contends that the estate is entitled to the prejudgment *271 interest from the respondents in the citation proceeding, and she bases her argument on section 2 of the Interest Act (Ill. Rev. Stat. 1979, ch. 74, par. 2), which states:
"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment."
We find no basis for an award of interest based upon section 2. As is apparent from our previous opinion in this case (In re Estate of Kime (1976), 42 Ill. App.3d 505, 356 N.E.2d 350), there was a substantial, genuine, good faith dispute over the status of the property which was the subject of the citation proceeding. There was no finding or indication that the respondents in that proceeding were acting in bad faith in claiming that the property was partnership property and not solely owned by Vance Kime. Until the court's determination and judgment that the property was the property of Vance Kime, which order was entered on October 21, 1975, the estate was not a creditor with respect to that property.
Even assuming arguendo the creditor status of the estate prior to the order entered in the citation proceedings, we find no basis in section 2 for an award of interest. No bond, bill, note or instrument in writing is involved herein, nor is it shown that money was lent or advanced for the use of another. Neither can it reasonably be concluded that there was a settlement of account between parties. In 1972, when the proceeds from the sale of the property were acquired by respondents, the estate was not seeking the proceeds or the property. There was never any settlement of account between the estate and the respondents, as it was the court's order in the citation proceeding which settled the dispute concerning the property. Neither has it been demonstrated that moneys were received for the use of another and retained without the owner's knowledge or that moneys were withheld by unreasonable and vexatious delay. Thus, petitioner-appellant has failed to demonstrate her right to interest under section 2. The case support offered by petitioner Floyd, Herkle v. Pontiac Farmers Grain Co. (1977), 55 Ill. App.3d 898, 371 N.E.2d 352, does not address or construe section 2. The decision there is based upon the measure of damages for conversion, which includes damages from date of conversion plus interest. (55 Ill. App.3d 898, 902.) That situation is not *272 similar to the instant case and the property dispute within the citation proceeding. The estate was not shown to have been entitled to interest from respondents under section 2 of the Interest Act.
As noted previously, petitioner Alice Floyd's attempt to raise issues I and II of her brief, being issues concerning the removal of Edwin Sale as attorney for the executor and the denial of attorney's fees under the fund doctrine, is not sound. Those issues were finally determined prior to the order of May 27, 1980, and no appeal was taken within the required 30 days from entry of the orders making the final determinations. The motion to strike, as to those issues, is allowed.
The approval of the supplemental final report, given by order on May 27, 1980, is reversed so far as the valuation of citation-recovered property is concerned, and the cause is remanded for determination of correct valuation, in accordance with the views noted in this opinion. As to other matters, the judgment of the Circuit Court of Kankakee County is affirmed.
Motion to strike issues from the appeal granted in part, cause affirmed in part and reversed in part, and remanded with directions.
Affirmed in part and reversed and remanded in part, with directions.
SCOTT, P.J., and HEIPLE, J., concur.