755 N.E.2d 149 (2001)
324 Ill. App.3d 37
258 Ill.Dec. 68
In re TRUSTS OF Steven STRANGE, for the benefit of Ryan WHITNEY and Robin Whitney (Catherine J. Whitney, Robin Whitney, Ryan Whitney, Michael F. Harvey and Marshal I. McMahon, Petitioners-Appellants,
v.
Oak Brook Bank, Respondent-Appellee).
No. 2-00-0249.
Appellate Court of Illinois, Second District.
August 22, 2001.
Rehearing Denied September 21, 2001.
*150 Michael F. Harvey, Marshal I. McMahon, Wheaton, for Michael F. Harvey, Marshal I. McMahon, Catherine J. Whitney, Robin Whitney, Ryan Whitney.
Albert C. Koontz, Aurora, Brian M. Nach, James E. Dahl & Associates, Chicago, for Estate of Steven Strange.
Justice CALLUM delivered the opinion of the court:
Petitioners, Catherine J. Whitney, Robin Whitney, Ryan Whitney, Michael F. Harvey, and Marshal I. McMahon, appeal the trial court's denial of Harvey and McMahon's petition for attorney fees. Petitioners *151 contend that the trial court abused its discretion in denying the petition. For the reasons that follow, we affirm.
Decedent, Steven Strange, died testate on September 26, 1996. Decedent was the father of Robin and Ryan Whitney (the minors). Catherine J. Whitney was the mother of the minors. Decedent was never married to Catherine. Pursuant to decedent's will, a trust was established for the benefit of each of the minors, and Catherine was named co-trustee. At the times relevant to this appeal, respondent, Oak Brook Bank (the Bank), was co-trustee and the corporate fiduciary for the minors. Craig Strange, decedent's brother, was executor of decedent's estate.
On November 15, 1999, attorneys Harvey and McMahon filed a petition for attorney fees and costs (the petition) seeking payment for legal services that they purportedly provided to Catherine and the minors between April 16, 1999, and October 29, 1999. Harvey requested $13,986, and McMahon requested $9,534. A 15-page statement was attached to the petition. The statement specified the dates, the services provided, and the time Harvey and McMahon spent in providing each claimed service.
In the petition, Harvey and McMahon stated that they were the attorneys for Catherine, as guardian of the minors and as co-trustee of the trusts; that they were the attorneys for the minors as beneficiaries of the trusts; that their hourly rate was $180; and that the statement of time and labor expended was reasonable in view of the novelty and difficulty of some of the questions involved. Harvey and McMahon asserted that they provided services on matters that included numerous motions and petitions attempting to replace the executor of decedent's estate; attempts to discover hidden assets of the estate; necessary discovery of relevant parties; and attempts to determine whether the legal charges that the Bank sought were appropriate. Harvey and McMahon also asserted that payment of their fees and costs was necessary to allow them to perhaps join in a related lawsuit to secure further assets for the trusts and to investigate the possibility that the minors could succeed to the rights of decedent regarding claims related to his estate.
The Bank filed a six-page objection to the petition. In the objection, the Bank asserted that the requests for fees and costs were not reasonable because the claimed services were either not necessary or did not pertain to the trusts. The Bank also asserted that the time claimed for certain services appeared excessive and that many entries in the time sheets were vague as to the purpose of the service and what was accomplished.
The executor of decedent's estate filed a four-page objection to the petition, seeking its denial and sanctions against Harvey and McMahon. The executor asserted that Harvey and McMahon filed motions and made arguments to the trial court that were "replete with misrepresentations and frauds committed upon the Court." The objection listed five examples of the alleged misrepresentations and frauds.
On January 24, 2000, the trial court conducted a hearing on the petition. The court noted that it had read both of the objections to the petition and Harvey's response to the objections. The court then asked Harvey (McMahon was not present) how he wished to proceed. Harvey replied that he would waive argument and rest on the pleadings but would respond if the other attorneys argued. The attorney for the executor made a short argument to which Harvey did not respond.
*152 The trial court commented that it took all fee petitions very seriously because attorneys have a right to be compensated for their work. The court noted that it had approved prior requests for attorney fees that had been filed by various parties. The court stated that the factors to be considered in determining a reasonable fee include "the time and labor put in, the novelty and difficulty of the issues, the skill required, the preclusion of other matters, customary fees in the community, amount of money in the case, attorney's reputation, experience and ability and the results obtained."
The trial court then questioned the reasonableness of about 10 of Harvey and McMahon's specific fee requests. The court stated that its questioning of these fee requests was not meant to be a comprehensive analysis of the fee requests. The court referred to the objections filed by the Bank and the executor of decedent's estate and indicated that the objections had merit.
The trial court also noted that it had allowed only 50% to 60% of the amount that Harvey and McMahon requested in a previous petition for attorney fees. The court stated that it had "tried to send a message with that" but that "the message didn't get through." The court denied the petition in its entirety, and petitioners appealed.
On appeal, Harvey and McMahon contend that the trial court abused its discretion when it denied the petition. The gist of their argument is that the trial court did not allow them a fair hearing to meet their burden of proof with respect to the petition. Alternatively, Harvey and McMahon argue that they are entitled to quantum meruit for their services.
The Bank initially responds that the appeal should be dismissed because this court lacks jurisdiction. The Bank argues that Harvey and McMahon erroneously contend that this court has jurisdiction under Supreme Court Rule 304(b)(1) (155 Ill.2d R. 304(b)(1)). We first address the jurisdictional question.
Generally, where multiple parties or multiple claims are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all the parties or claims only if the trial court makes an express written finding that there is no just reason to delay either enforcement or appeal. 155 Ill.2d R. 304(a). However, despite the absence of an express written finding, an appeal may be taken in certain circumstances, including those specified in Supreme Court Rule 304(b)(1) (155 Ill.2d R. 304(b)(1)).
Supreme Court Rule 304(b)(1) provides:
"(b) * * * The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
(1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." 155 Ill.2d R. 304(b)(1).
In contesting jurisdiction under Rule 304(b)(1), the Bank primarily relies on People ex rel. A.M. v. Herlinda M., 221 Ill.App.3d 957, 164 Ill.Dec. 482, 583 N.E.2d 36 (1991). In Herlinda M., a child abuse case, the office of the public guardian was appointed guardian ad litem (GAL) for the abused minors. The GAL subsequently moved to recover attorney fees from the parents of the minors. On appeal from the denial of the motion for fees, the GAL argued that the appellate court had jurisdiction under Rule 304(b)(1). The appellate court disagreed because the request for fees was collateral or incidental to the principal action and therefore did not fall within the scope of Rule 304(b)(1). Herlinda *153 M., 221 Ill.App.3d at 964-65, 164 Ill.Dec. 482, 583 N.E.2d 36.
Harvey and McMahon rely primarily on Lampe v. Pawlarczyk, 314 Ill.App.3d 455, 247 Ill.Dec. 94, 731 N.E.2d 867 (2000). Lampe involved a dispute between certain beneficiaries of a trust and a co-beneficiary and trustee of the trust. The trial court denied the beneficiaries' motion for attorney fees ostensibly related to their efforts to save the trust from destruction and restore it to its proper purposes. The beneficiaries did not file a notice of appeal or a postjudgment motion within 30 days of the trial court's order. When the beneficiaries later appealed, the opposing party contested the appellate court's jurisdiction, arguing that the denial of the motion was appealable under Rule 304(b)(1) and that a notice of appeal filed more than 30 days after the denial was untimely. Lampe, 314 Ill.App.3d at 469, 247 Ill.Dec. 94, 731 N.E.2d 867.
The appellate court concluded that the denial was within the scope of Rule 304(b)(1) because it was entered in the administration of the estate and finally determined the issue of attorney fees. The court rejected the beneficiaries' arguments that Rule 304(b)(1) did not apply because the case involved privately administered trusts and because a fee request was collateral or incidental to the principal action. In reaching its conclusion, the Lampe court adopted the reasoning of In re Estate of Kime, 95 Ill.App.3d 262, 50 Ill.Dec. 797, 419 N.E.2d 1246 (1981).
In Kime, the court held that the denial of a petition for attorney fees was appealable under Rule 304(b)(1) in a case where the underlying issue was whether certain property belonged to an estate. The court stated:
"A central reason behind making the time for appeal of such orders mandatory, and not optional, is that certainty as to some issues is a necessity during the lengthy procedure of estate administration. Little imagination is needed to conjure up the intolerable consequences of permitting a party, at his option, to wait until an estate administration is concluded before appealing an order, entered perhaps several years previously, which denied a motion to remove an executor or allowed a claim against the estate. In such circumstances, were an appellant successful, then the entire administration might have to be begun again. Thus, in the interests of efficiency and the sound and practical administration of estates, orders in estate proceedings must be appealed within 30 days from entry when they finally determine the right or status of a party, even though they are preliminary to a final settlement of estate proceedings." Kime, 95 Ill.App.3d at 268, 50 Ill.Dec. 797, 419 N.E.2d 1246.
We agree with Lampe that Kime is persuasive. We also conclude that Kime's reasoning applies to this case.
Here, the trial court's denial of the petition was a final resolution of the issue of fees. In addition, the administration of the trusts could go on for a lengthy period. Therefore, in the interests of efficiency and the sound and practical administration of the trusts, the issue was immediately appealable.
Moreover, like the parties seeking attorney fees in Lampe, Harvey and McMahon alleged that their services benefited the trusts. Therefore, their fee request was directly related to the trial court's supervision of the administration of the trusts.
For these reasons, we conclude that Harvey and McMahon's petition for attorney fees fell within the scope of Rule 304(b)(1). Accordingly, this court has jurisdiction *154 to review the denial of the petition.
We now turn to the merits of the appeal. It is well established that a trust may be lawfully required to bear the necessary expenses of its own administration and preservation, including the payment of necessary attorney fees. Abend v. Endowment Fund Comm'rs of McKendree College, 174 Ill. 96, 107, 50 N.E. 1052 (1898). Accordingly, a trustee may be entitled to reimbursement for reasonable attorney fees related to the administration and preservation of the trust. Fox v. Fox, 250 Ill. 384, 395, 95 N.E. 498 (1911). An attorney seeking fees has the burden of establishing the value of his services. In re Estate of Callahan, 144 Ill.2d 32, 43, 161 Ill.Dec. 339, 578 N.E.2d 985 (1991).
In fee petition cases, because the trial court is familiar with the underlying litigation, the court may independently assess the necessity and reasonableness of the legal services rendered. Wildman, Harrold, Allen & Dixon v. Gaylord, 317 Ill.App.3d 590, 595, 251 Ill.Dec. 420, 740 N.E.2d 501 (2000). Consequently, the trial court is not bound by the petitioning attorney's opinion of what constituted a necessary or reasonable fee. In re Estate of Healy, 137 Ill.App.3d 406, 411, 92 Ill.Dec. 159, 484 N.E.2d 890 (1985). Therefore, the trial court has broad discretion in deciding whether to award attorney fees, and the decision will not be reversed unless the court abused its discretion. Estate of Callahan, 144 Ill.2d at 43-44, 161 Ill.Dec. 339, 578 N.E.2d 985.
In this case, Harvey and McMahon contend that the trial court did not allow them a fair hearing to meet their burden of proof on their fee petition. However, the record simply does not support that argument. The report of the proceedings on the petition shows that the trial court asked Harvey how he wanted to proceed at the hearing. Harvey chose to stand on the pleadings and not to argue his position. Harvey did not respond to the argument of opposing counsel. Harvey and McMahon did not file a postjudgment motion challenging any aspect of the proceedings. Harvey and McMahon do not offer any specific suggestions as to how the hearing could have been more fair to them.
Next, Harvey and McMahon allege that the trial court failed to consider the appropriate factors in determining whether their petition for fees was reasonable. To properly determine the reasonableness of an attorney's services, a court should consider the skill and standing of the attorney, the nature of the case and the difficulty of the questions involved, the amount and importance of the subject matter, the time and labor required, the usual and customary fee in the community, and the benefit resulting to the client. Estate of Callahan, 144 Ill.2d at 44, 161 Ill.Dec. 339, 578 N.E.2d 985.
In this case, the trial court expressly stated the factors it considered in reaching its decision regarding the reasonableness of the fees that Harvey and McMahon requested. These factors were substantially the same as the factors in Estate of Callahan. Accordingly, Harvey and McMahon are not entitled to the reversal of the trial court's order on this ground.
Harvey and McMahon also suggest that they did not receive a fair hearing because the trial court was biased against them. A trial judge is presumed to be impartial, and the burden of overcoming this presumption rests with the party asserting bias. That party must show actual prejudice in the form of personal bias stemming from an extrajudicial source and prejudicial trial conduct. Hartnett v. Stack, 241 Ill.App.3d 157, 169, 180 Ill.Dec. *155 634, 607 N.E.2d 703 (1993). After carefully reviewing the record, we conclude that Harvey and McMahon have not met this burden.
In sum, the record shows that the trial court considered the appropriate factors in determining the reasonableness and necessity of Harvey and McMahon's requested fees; that the trial court considered the written objections to the petition; that the trial court allowed Harvey to choose how to proceed on the petition; and that the trial court relied on its own knowledge and experience of the case in evaluating and questioning a number of the specific fee requests. Based on this record, we cannot say that the trial court abused its discretion when it denied the petition for fees.
Lastly, Harvey and McMahon contend that they are entitled to a quantum meruit award for their services. Nothing in the record indicates that Harvey and McMahon raised the issue of quantum meruit in the trial court. Consequently, we need not address the issue. See Western Casualty & Surety Co. v. Brochu, 105 Ill.2d 486, 500, 86 Ill.Dec. 493, 475 N.E.2d 872 (1985) (issues not raised in trial court are waived and may not be raised for first time on appeal).
The judgment of the circuit court of Du Page County is affirmed.
Affirmed.
McLAREN and O'MALLEY, JJ., concur.