No. 2--06--0536          Filed:  3-28-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re ESTATE OF LUCY N. RUSSELL, Deceased | ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | No. 05--P--597 |
| (Debra Anne Stone, as Co-Trustee of the Lucy N. Russell Loving Trust, Petitioner and Counterrespondent-Appellee, v. Richard Scott Russell, as Co-Trustee of the Lucy N. Russell Loving Trust, Respondent and Counterpetitioner-Appellant (Kathleen R. Ryding, as Trustee of the Lucy N. Russell Loving Trust, Appellee)). | ) ) ) ) ) ) ) ) ) ) | Honorable Kenneth L. Popejoy, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Richard Scott Russell (Scott), the respondent and counterpetitioner, appeals from an order of the trial court naming Kathleen R. Ryding as the special administrator of the "Lucy N. Russell Loving Trust" (trust).  Because the order was immediately appealable under Supreme Court Rule 304(b)(1) (210 Ill. 2d R. 304(b)(1)), and Scott neither filed a proper postjudgment motion nor appealed within 30 days of the entry of the order, we lack jurisdiction to hear the appeal and must dismiss it.

Debra Anne Stone, the petitioner and counterrespondent, and Scott are the children of the decedent, Lucy N. Russell, who died on May 24, 2004.  By different routes, both became co-trustees of the trust.  On July 15, 2005, Debra filed a petition to remove Scott as co-trustee.  Scott counterpetitioned to remove Debra as co-trustee.  Debra further filed motions asking the trial court

to intervene in the details of the administration of the trust, and the court granted several of these motions.

On March 7, 2006, Debra filed a "motion" asking the trial court to appoint a "special administrator" of the trust, to facilitate the liquidation of trust assets. The term "special administrator," appearing in Debra's filing, carries through into the later trial court orders and the parties' appeal documents. However, the record makes clear that the assets to be administered were those of the trust. The term "special administrator" is typically reserved for a person acting for an estate, under the Wrongful Death Act (see 740 ILCS 180/2.1 (West 2004)), whereas a person administering a trust is a "trustee." We use the correct term here.

On March 10, 2006, the trial court granted Debra's motion to appoint a trustee. The trial court appointed Ryding, subject to her acceptance of the position, giving her all the powers of the trustee, and removed Debra and Scott as co-trustees "until further order of court." The trial court continued the matter until March 21, 2006, to learn whether Ryding would accept the position. On March 21, 2006, Scott filed a motion to amend the March 10, 2006, order to add a finding, pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), that no just reason existed to delay enforcement or appeal of the order. Ryding accepted her appointment that day as well. On May 6, 2006, the trial court denied the motion to amend the order.

Scott filed a notice of appeal on May 31, 2006. In his brief, Scott asserts that this court has jurisdiction over this appeal under Supreme Court Rule 304(b)(1). Ryding responds that, because her appointment was effective only until further order of the court, it was not final and therefore was not appealable without the trial court having made a finding of appealability under Rule 304(a).

We hold that the order appointing Ryding was appealable, but that Scott's appeal was untimely. We deem the trial court's qualification of its appointment of Ryding to be of no significance for purposes of appealability.

Under Supreme Court Rule 301 (155 Ill. 2d R. 301), all final judgments in civil cases are appealable as of right. "An order is *** final if it disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof." Arachnid, Inc. v. Beall, 210 Ill. App. 3d 1096, 1103 (1991). However, under Rule 304(a), a final judgment in an action involving multiple parties or multiple claims for relief is, in the general case, only what one might describe as "provisionally final." Rule 304(a) provides that, before resolution of all claims and absent a finding by the trial court that no just reason exists to delay enforcement or appeal of the judgment, a final judgment is neither enforceable nor appealable. Further, the trial court may revise it at any time until it resolves "all the claims, rights, and liabilities of all the parties. 210 Ill. 2d R. 304(a).

Under Rule 304(b), five classes of orders are immediately appealable without a finding under Rule 304(a) when the trial court issues them while other matters are pending. The first of these classes consists of orders that "finally determine[] a right or status of a party" in "the administration of an estate, guardianship, or similar proceeding." 210 Ill. 2d R. 304(b)(1). According to the Committee Comments to Rule 304(b)(1), examples of orders appealable under this subsection would be those appointing or removing an executor. 210 Ill. 2d R. 304(b)(1), Committee Comments. A proceeding relating to the administration of a trust is a "similar proceeding" that can generate orders appealable under Rule 304(b)(1) if court involvement has occurred that makes the proceeding similar to the comprehensive court proceedings associated with the administration of an estate. Lampe v.

Pawlarczyk, 314 Ill. App. 3d 455, 470-72 (2000). However, appeals under Rule 304(b)(1) are appeals from final orders; the rule is not a provision for interlocutory appeals. 210 Ill. 2d R. 304(b)(1), Committee Comments; In re Estate of Burd, 354 Ill. App. 3d 434, 437 (2004).

Here, the co-trustees of the trust came into conflict and sought one another's removal. The trial court became involved in the details of the trust administration, such as approving the payment of bills, thus making the proceeding similar to the administration of an estate and so capable of generating orders appealable under Rule 304(b)(1). The trial court then removed the co-trustees and appointed a replacement trustee. This was analogous to a court's changing an executor.

The remaining question is whether the trial court's qualification of Ryding's appointment as until further order of the court deprived the order of finality and thus of appealability under Rule 304(b)(1). We hold that it did not.

The suggestion that, because Ryding's appointment was not permanent, the order was not final, misunderstands the concept of finality, which is not determined by how long the order will be in effect. The "motion" for a "special administrator" raised a claim; it asserted a right to have the trust overseen by a "special administrator." See Marsh v. Evangelical Covenant Church of Hinsdale, 138 Ill. 2d 458, 465 (1990) (holding that a "claim" for purposes of Rule 304(a) "is any right, liability or matter raised in an action"). When the trial court granted the motion, it finally resolved that claim, determining that Debra was entitled to the relief for which she asked. That it made the appointment "until further order of court" did not mean that it would revisit the merits of the appointment; rather, it set a potential limit on the duration of the relief. In this respect, the appointment was comparable to other forms of relief of limited duration, such as temporary guardianships. Thus, the mere fact that the trial court contemplated ending the relief at some time had no effect on the order's finality.

See In re Marriage of Cannon, 112 Ill. 2d 552, 556 (1986) (holding that an order modifying maintenance, but allowing later modification, was final; the modification would affect only subsequent payments, not alter the right to the payments already made).

Although the order appointing Ryding and removing the co-trustees would have been reviewable under Rule 304(b)(1), Scott's appeal is too late. An appeal under Rule 304(b)(1) is an appeal from a final order, so the provisions of Supreme Court Rule 303 (210 Ill. 2d R. 303), concerning the timing of appeals, apply. Under Rule 303(a), a party generally must file an appeal no more than 30 days after the entry of the final order. Rule 303(a) also provides that the timely filing of a motion directed against the judgment defers the running of the 30 days, and the time for filing a notice of appeal is then 30 days from the resolution of the last timely and proper postjudgment motion. 210 Ill. 2d R. 303(a). Scott filed his notice of appeal 82 days after the entry of the order, so his appeal could be timely only if he filed it within 30 days of the resolution of a timely and proper motion directed against the final judgment.

Scott's appeal was untimely because he did not file a postjudgment motion that extended the time for filing his notice of appeal under Rule 303(a). A postjudgment motion extends the time for filing a notice of appeal under Rule 303(a) only when it seeks rehearing, retrial, modification, or vacation of the judgment, or other similar relief. See Marsh, 138 Ill. 2d at 461-64. Scott filed one motion after the entry of the trial court's order appointing Ryding, one that requested the trial court to enter a finding of appealability under Rule 304(a). A request for a Rule 304(a) finding is not necessarily a request for modification of the judgment. Where a Rule 304(a) finding is required for immediate appeal, one defensibly might view it as modifying the judgment. However, because it is necessary, the time for appeal does not start until the trial court grants the request, so whether the

request is a proper postjudgment motion for purposes of Rule 303(a) is irrelevant. Where, as here, a Rule 304(a) finding is unnecessary for immediate appeal, its grant cannot change the judgment in the least. To constitute a proper postjudgment motion for purposes of Rule 303(a), a motion for modification of the judgment must <u>challenge</u> the judgment, not simply request modification of the language of the judgment. See <u>Giammanco v. Giammanco</u>, 253 Ill. App. 3d 750, 755 (1993) (holding that a motion for clarification is not a proper postjudgment motion because it is not directed against the judgment); see also <u>Hayes Machinery Movers, Inc. v. REO Movers & Van Lines, Inc.</u>, 338 Ill. App. 3d 443, 446 (2003). But see <u>Buffa v. Haideri</u>, 362 Ill. App. 3d 532, 536-37 (2005) (assuming that a " 'Motion to Correct Typographical Error' " was a proper postjudgment motion). A request for a superfluous Rule 304(a) finding thus is not a request for modification of the judgment and does not extend the time for appeal under Rule 303(a). Scott's appeal was thus untimely, and we must dismiss it.

For the reasons given, we dismiss the appeal.

Appeal dismissed.

McLAREN and BYRNE, JJ., concur.