No. 2--07--0773    Filed: 12-14-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| <u>In re</u> THE LIVING TRUSTS OF GEORGE C. MILLER AND ELEANOR J. MILLER | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| (Noreen R. Malone, Todd Shepherd, and Scott Shepherd, Plaintiffs and Counterdefendants-Appellees and Cross-Appellants, v. Melodee S. Miller-Hanson, Defendant and Counterplaintiff-Appellant and Cross-Appellee). | ) ) ) ) ) ) ) ) | No. 03--P--1005 Honorable Kenneth L. Popejoy and Patrick J. Leston, Judges, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Melodee S. Miller-Hanson, appeals from the orders of the trial court denying in part her request for trustee compensation, entering sanctions against her, denying her attorney fees, and dismissing her counterclaim. Plaintiffs Noreen R. Malone, Todd Shepherd, and Scott Shepherd (plaintiff beneficiaries) cross-appeal from the trial court's orders finding in favor of Melodee, awarding Melodee compensation as trustee, and denying their request for attorney fees.

In August 1992, George and Eleanor Miller made living trusts. When George died in 1995, all of his property moved into Eleanor's trust. Upon Eleanor's death on January 17, 2002, the trusts terminated, and Melodee assumed the duties of successor trustee of the Eleanor Miller trust. Melodee was to take possession of the trust assets (the majority of which consisted of three parcels of real estate), pay the bills, and divide and pay the proceeds to the beneficiaries--herself and plaintiff

Noreen Malone (Eleanor Miller's daughters), and plaintiffs Todd and Scott Shepherd (children of a deceased daughter of Eleanor Miller).

On October 6, 2003, Noreen filed a one-count complaint, alleging that Melodee "breached her duties and obligations as trustee and subjected the trust estates to waste and mismanagement" and asking the court to, among other things, remove Melodee as trustee and charge her share of the trust to compensate the other beneficiaries. Subsequently, Melodee filed a counterclaim seeking a declaratory judgment disinheriting the plaintiff beneficiaries pursuant to a "Contest Clause" contained in the trusts that provided that any beneficiary that contested the validity of the trusts or began legal proceedings to set them aside would forfeit any right to the trust property.

A trial was held on the plaintiff beneficiaries' fourth-amended complaint and Melodee's counterclaim. The trial court directed a finding in favor of the plaintiff beneficiaries on Melodee's counterclaim. The trial court then issued a letter of opinion on November 27, 2006, regarding the fourth-amended complaint. On December 12, 2006, the court entered an order based on the opinion and found, with a few specific exceptions that were to be assessed against Melodee's final distribution share, against the plaintiff beneficiaries. The court ordered that the parties were to be responsible for their own attorney fees. The case was continued for Melodee's petition for trustee fees and a final report and account of distribution of the assets still under her control.

On January 2, 2007, Melodee filed a petition for trustee fees, attorney fees, and expenses. In an order dated June 6, 2007, the court granted Melodee trustee fees of $20,700 (approximately one-third of the fees that Melodee sought) and continued the case to July 26, 2007, for final report. In a letter of opinion issued the same date, the court reiterated its ruling contained in the November 27, 2006, opinion that the parties pay their own attorney fees; thus, there was "no consideration and

no ruling made" in regard to Melodee's petition for attorney fees. The trial court also approved $55 in expenses incurred during the trust administration and, "in regard to all other non attorney fee expenses," ordered the parties to bear their own litigation expenses.

On June 27, 2007, Melodee filed a motion for $808 in attorney fees incurred in the preparation of accounts, which motion the trial court granted on July 3. Melodee also moved on June 27 for leave to file an order consistent with the court's June 6 opinion. The court entered the provided order on July 3, 2007, reiterating that, with the exception of $55 for two safety deposit boxes, the court disapproved all remaining litigation expenses for 2002-04 and denied Melodee's January 2, 2007, petition for fees and expenses.

On July 13, 2007, Melodee filed her final accounts. On July 26, the trial court granted the plaintiff beneficiaries until August 23, 2007, to file exceptions and continued the case until that date. However, Melodee filed her notice of appeal on August 1, taking appeal from the orders of December 12, 2006, and July 3, 2007, "consistent with the Supplementary Court's Opinion" dated June 6, 2007. The plaintiff beneficiaries filed a notice of cross-appeal on August 13. Although the plaintiff beneficiaries responded to Melodee's proposed final account, the trial court held that it no longer had jurisdiction over the matter.

This court granted the plaintiff beneficiaries' motion to dismiss the appeal on January 16, 2009, and dismissed their cross-appeal on its own motion. However, upon Melodee's petition for rehearing, we reinstated the appeal and the cross-appeal and ordered the plaintiff beneficiaries' amended renewed motion to dismiss to be taken with the case. Therefore, we must first address the motion to dismiss.

Supreme Court Rule 304 (210 Ill. 2d R. 304) addresses appeals from final judgments that do not dispose of an entire proceeding. Normally, appeals may be taken from a final judgment as to one or more but fewer than all parties or claims "only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 210 Ill. 2d R. 304(a). In her notice of appeal and her statement of jurisdiction in her appellant's brief, Melodee stated that she brought this appeal pursuant to Supreme Court Rule 304(b)(2), which provides that "[a] judgment or order entered in the administration of a receivership, rehabilitation, liquidation, or other similar proceeding which finally determines a right or status of a party and which is not appealable under Rule 307(a)" is appealable without the written finding required under Rule 304(a). 210 Ill. 2d R. 304(b)(2). Clearly, this case does not fit within this rule, and it is not until her reply brief that Melodee acknowledges that she "erroneously predicated" her appeal on this rule instead of Rule 304(b)(1). In general, the filing of a notice of appeal is the only jurisdictional step required to perfect an appeal; thus, where an appellant cites an incorrect supreme court rule as a basis for jurisdiction in its notice of appeal, that deficiency does not divest this court of jurisdiction. See In re D.D., 212 Ill. 2d 410, 416-17 (2004).

Supreme Court Rule 304(b)(1) allows an appeal without a Rule 304(a) finding from "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." 210 Ill. 2d R. 304(b)(1). In In re Estate of Russell, 372 Ill. App. 3d 591 (2007), this court held that a proceeding relating to the administration of a trust is a "similar proceeding" for purposes of Rule 304(b)(1) "if court involvement has occurred that makes the proceeding similar to the comprehensive court proceedings associated with the administration of an estate." Russell, 372 Ill. App. 3d at 593. In Russell, cotrustees of a trust sought

each other's removal, leading to the appointment of a trustee; one of the cotrustees also filed motions asking the court to intervene in the details of the administration of the trust, several of which motions the court granted. Russell, 372 Ill. App. 3d at 591-92. This court found that the trial court "became involved in the details of trust administration, such as approving the payment of bills," and found the appointment of a replacement trustee "analogous to a court's changing an executor." Russell, 372 Ill. App. 3d at 593. Thus, this court found jurisdiction pursuant to Rule 304(b)(1).

Strangely, Melodee cites this court's decision in Yardley v. Yardley, 137 Ill. App. 3d 747 (1985), for support of her claim that Rule 304(b)(1) applies to "the administration of a private trust outside the traditional probate setting." In Yardley, the plaintiff, individually and as administrator of her husband's estate, brought suit against the defendants, individually and as trustees, in connection with their administration of certain trusts. Yardley, 137 Ill. App. 3d at 749. The trial court dismissed with prejudice all but one count of the complaint, and the plaintiff filed her first notice of appeal within 30 days of the court's denial of her motion to vacate the dismissal but before judgment was entered on the remaining count. Yardley, 137 Ill. App. 3d at 749. This court found "unconvincing" the plaintiff's contention that the dismissal was granted in a proceeding similar to the administration of an estate or guardianship. Yardley, 137 Ill. App. 3d at 750. The court looked to the Committee Comments to Rule 304(b), which provided that the rule applied to orders entered in comprehensive proceedings that include other matters and gave examples to which subsection (1) applied, such as orders admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim. Yardley, 137 Ill. App. 3d at 750; see also 210 Ill. 2d R. 304, Committee Comments, at clvi. This court found that the trusts were not being administered in comprehensive proceedings like estate or guardianship proceedings but were being administered

privately and out of court. Yardley, 137 Ill. App. 3d at 750. In addition, the trustees were not court-appointed administrators required to settle various claims and make a final accounting to the court. Yardley, 137 Ill. App. 3d at 751. Thus, the court found that the action filed in the trial court was not a proceeding similar to the administration of an estate or guardianship; therefore, Rule 304(b)(1) was inapplicable. Yardley, 137 Ill. App. 3d at 751.

Melodee also directs this court to In re Trusts of Strange, 324 Ill. App. 3d 37 (2001), in which attorneys for the beneficiaries and a cotrustee of a trust established pursuant to a decedent's will filed a petition for attorney fees and costs related to their representation. After a hearing, the trial court denied the petition in its entirety, and the attorneys appealed. This court found that the denial of the petition was immediately appealable under Rule 304(b)(1) without any real analysis of how the action was a "proceeding similar to the comprehensive court proceedings associated with the administration of an estate," other than noting that the fee request was "directly related to the trial court's supervision of the administration of the trusts." Strange, 324 Ill. App. 3d at 42. Instead, the court relied on the reasoning of In re Estate of Kime, 95 Ill. App. 3d 262 (1981), and concluded that, "in the interests of efficiency and the sound and practical administration of the trusts, the issue was immediately appealable." Strange, 324 Ill. App. 3d at 42.

In the case before us, the trial court did not become involved in the details of trust administration, such as approving the payment of bills, as did the court in Russell. This case does involve a petition seeking the removal of the trustee; the Russell court found such a case "analogous to a court's changing an executor." Russell, 372 Ill. App. 3d at 593. However, we conclude that the level of the trial court's involvement in the affairs of the trust is more indicative of a "similar proceeding" for purposes of Rule 304(b)(1) than is the simple fact that the initial relief sought was

the removal of a trustee. In our review of the record in this case, we find that the court was not involved so intimately with the administration of the trust that we would find the case similar to the administration of an estate or guardianship. While the plaintiff beneficiaries filed motions seeking an order prohibiting Melodee from making any trust expenditures without order of the court or written approval from the plaintiff beneficiaries, the trial court never ruled on the motions. The court also denied motions to compel distributions from the trust. In October 2004, almost three years after Eleanor's death, the court did order Melodee to list for sale the one remaining piece of real estate that had not been sold, an apartment building. However, this limited activity falls well short of the type of oversight involved in comprehensive proceedings like estate or guardianship proceedings.

Furthermore, we cannot conclude that the trial court entered an order that "finally determine[d] the right or status of a party" pursuant to Rule 304(b)(1). A final judgment is one that fixes finally and absolutely the rights of the parties to the lawsuit and disposes of the entire controversy. Stephen v. Huckaba, 361 Ill. App. 3d 1047, 1051 (2005). It is final if it determines the litigation on the merits so that, if the judgment is affirmed, the only thing remaining to be done is to proceed with the execution of the judgment. Stephen, 361 Ill. App. 3d at 1051. It is not necessary that a final order resolve all matters in the estate (or similar proceeding), but it must resolve all matters on the particular issue. Stephen, 361 Ill. App. 3d at 1051.

On July 3, 2007, Melodee was given until July 13 to file her final account, which she timely filed. On July 26, the trial court ordered the plaintiff beneficiaries to file any exceptions by August 23, and the cause was continued for status to that date. However, on August 1, 2007, Melodee filed her notice of appeal from several orders: (1) the order of December 12, 2006, in which the trial court found in Melodee's favor on the plaintiff beneficiaries' fourth-amended complaint (with certain

exceptions for moving and storage costs of some personal effects and the housing and veterinary costs of decedent's dog) and ordered the parties to be responsible for their own attorney fees; (2) the June 6, 2007, order in which the court granted Melodee $20,700 for trustee fees; and (3) the order of July 3, 2007, in which the court granted Melodee's motion to include $808 in attorney fees as an expense in the final account. The plaintiff beneficiaries filed their exceptions on August 23.

On August 1, the status of the parties was known; Melodee had not been removed as trustee and the plaintiff beneficiaries had not been disinherited. However, the rights of the parties to the distribution of the trust assets had not been established by order of the court. While Melodee's trustee fees had been set by the court, none of the beneficiaries, including Melodee, knew in what proportions the remaining trust assets would be divided. Indeed, the plaintiff beneficiaries filed exceptions to the final account, alleging that Melodee had failed to deduct, as previously ordered, more than $35,000 of expenses, including some legal fees. Clearly, no party's rights regarding the trust were finalized. The court must still sort through the final account and the exceptions before it can approve the distribution to all the beneficiaries.

To allow Melodee's appeal at this point is to encourage piecemeal appeals; if we were to address this appeal and affirm the judgment, the execution of the judgment would not be the only thing remaining to be done. See Stephen, 361 Ill. App. 3d at 1051. There was no final judgment from which to appeal, and no provision of Supreme Court Rule 304 applies. Therefore, we grant the plaintiff beneficiaries' motion to dismiss, and the appeal and cross-appeal are dismissed.

Appeal and cross-appeal dismissed.

ZENOFF, P.J., and SCHOSTOK, J., concur.