# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

***Houghtaylen v. Russell D. Houghtaylen By-Pass Trust***, 2017 IL App (2d) 170195

</div>

| | |
|---|---|
| Appellate Court Caption | GARY HOUGHTAYLEN, KEVIN HOUGHTAYLEN, and DAVID HOUGHTAYLEN, Plaintiffs and Counterdefendants-Appellees, v. THE RUSSELL D. HOUGHTAYLEN BY-PASS TRUST; KEVIN C. McGIRR, Individually and as First Successor Trustee of the Russell D. Houghtaylen By-Pass Trust; CHICAGO LAND TRUST TITLE COMPANY, as Trustee of Trust No. 1340586, Successor to De Kalb Trust and Savings Bank; ST. JUDE'S CHILDREN'S HOSPITAL; ST. JOHN THE BAPTIST CATHOLIC CHURCH; ST. JOHN THE BAPTIST CEMETERY; VINCENT K. McGIRR; CONSTANCE M. BOWMAN, Individually and as Executor of the Estate of Shirley J. Houghtaylen; JEROME F. LaBOLLE; CRAIG L. McGIRR; and THE ESTATE OF SHIRLEY J. HOUGHTAYLEN, Defendants (The Russell D. Houghtaylen By-Pass Trust; Kevin C. McGirr, Individually and as First Successor Trustee of the Russell D. Houghtaylen By-Pass Trust; Vincent K. McGirr; Constance M. Bowman, Individually and as Executor of the Estate of Shirley J. Houghtaylen; Jerome F. LaBolle; and Craig L. McGirr, Defendants and Counterplaintiffs-Appellants; Chicago Land Trust Title Company, as Trustee of Trust No. 1340586, Successor to De Kalb Trust and Savings Bank; St. Jude's Children's Hospital; St. John The Baptist Catholic Church; and St. John The Baptist Cemetery, Defendants and Counterdefendants). |
| District & No. | Second District Docket No. 2-17-0195 |
| Filed | December 18, 2017 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 16-MR-90; the Hon. Bradley J. Waller, Judge, presiding. |

| | |
|---|---|
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Craig D. Hasenbalg and William R. Thomas, of Ottosen Britz Kelly Cooper Gilbert & DiNolfo, Ltd., of Elburn, for appellants. |
| | Burns, Cronauer & Brown, LLP, of Sycamore (C. Nicholas Cronauer, of counsel), for appellees. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion. Presiding Justice Hudson and Justice Spence concurred in the judgment and opinion. |

## OPINION

¶ 1 This case presents an issue concerning appellate jurisdiction. Plaintiffs—Gary, Kevin, and David Houghtaylen—are brothers. Together, they own a one-half interest in the Houghtaylen Farm, a roughly 150-acre working farm in the city of Sandwich. Plaintiffs sued defendants—Kevin C. McGirr, as trustee of The Russell D. Houghtaylen By-Pass Trust; Constance M. Bowman, as executor of the Estate of Shirley J. Houghtaylen; Chicago Land Trust Title Co.; and additional defendants, which we need not discuss individually—seeking the other one-half interest in the farm after the death of Shirley Houghtaylen.

¶ 2 The relevant facts are not in dispute. The farm was deeded into a land trust in 1970 by brothers Dean and Russell Houghtaylen (and their respective wives). Dean was plaintiffs' father, and Russell (also known as Dwight) was plaintiffs' uncle by blood. Ultimately, plaintiffs came to inherit Dean's one-half interest in the farm.

¶ 3 In 2003, Russell executed a revocable living (or bypass) trust, which provided that Russell's interest in the land trust would be used for the benefit of his wife, Shirley. Upon Shirley's death, the principal of the land trust would pass to Russell's "then living nieces and nephews" as appointed by Shirley in her will, with specific reference to "this Power of Appointment." Russell died in 2006, and McGirr became the bypass-trust trustee.

¶ 4 Meanwhile, Shirley executed her will in 2003 and executed a first codicil in 2009. At some point, when she was in her late eighties, Shirley's copy of Russell's bypass trust was stolen from a safe in her home, along with other valuables. Also around this time, due to "bad blood," Shirley stated that she wanted to change her will. Specifically, Shirley wanted to disinherit McGirr and most of her remaining relatives, except for plaintiffs, because as Shirley put it, "they never visited [her]" and "were just after her money." Accordingly, in 2012, Shirley executed a second codicil in which she described the property in detail and stated her intent to give "all of [her] interest to the Houghtaylen Farm" to plaintiffs in equal shares upon her death. In the second section of the codicil, Shirley stated, "I give all the residue of my estate, but

- 2 -

excluding all property under which I have a power of appointment to the Trustee [of the bypass trust]."

¶ 5 Shirley died on April 21, 2015, and the executor of Shirley's estate filed her will with the clerk of the circuit court; however, the executor never sought to commence probate proceedings. Subsequently, when plaintiffs sought to take the interest to the remaining half of the farm pursuant to Shirley's second codicil, McGirr rejected their claim and asserted that Shirley's second codicil was ineffective because it did not specifically refer to her power of appointment.

¶ 6 In March 2016, plaintiffs filed a two-count complaint against defendants. Count I of the complaint sought a declaratory judgment that Shirley's second codicil effectively executed her power of appointment in favor of plaintiffs. Although labeled as a request for declaratory relief, count I further sought an order requiring the trustee of the land trust—Chicago Land Trust Title Co.—to transfer Shirley's beneficial interest in the trust to plaintiffs. Separately, count II of the complaint asked the court to admit Shirley's will—and specifically, her second codicil—to probate.

¶ 7 The trial court held a bench trial on count I only. At that trial, the court heard from Shirley's attorney, Kenneth Poris, regarding the circumstances surrounding the drafting of Shirley's second codicil and her relationship with plaintiffs and her relatives, including McGirr. The court also received in evidence two recordings of Shirley and Poris discussing her intent in drafting the second codicil. In the recording, Shirley was adamant that she wanted "the farm," whatever her interest in it, to go to plaintiffs, and *not* to her other relatives or to McGirr. Defendants presented no evidence.

¶ 8 In argument before the trial court, defendants primarily relied on *Yardley v. Yardley*, 137 Ill. App. 3d 747, 759 (1985), in which this court stated that "the failure to mention *any* power where the instrument creating the power requires 'specific reference' " is a defect so significant that it cannot be remedied by a court. (Emphasis added.) But, as plaintiffs pointed out in the trial court, *Yardley* was distinguishable because the residual clause in Shirley's second codicil *did* mention the power of appointment. In addition, numerous cases explain that reference to the power itself is " 'not essential' " if there is evidence of an intent to exercise it. *Hopkins v. Fauble*, 47 Ill. App. 2d 263, 265 (1964); see also *Funk v. Eggleston*, 92 Ill. 515, 536 (1879); *In re Estate of MacLeish*, 35 Ill. App. 3d 835, 838 (1976); *Roberts v. Northern Trust Co.*, 550 F. Supp. 729, 735 (N.D. Ill. 1982).

¶ 9 On December 1, 2016, the trial court issued a three-page, single-spaced memorandum opinion, in which the court determined that the evidence of Shirley's intent was "unequivocal" in demonstrating her desire to transfer her interest in the farm to plaintiffs. Accordingly, the court granted plaintiffs complete relief under count I of their complaint. (Defendants had previously filed a countercomplaint for an accounting and partition of the farm; however, due to the court's judgment on count I, the countercomplaint was deemed moot.)

¶ 10 This brings us to the jurisdictional issue in this case. Under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016), "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" is immediately appealable. Such a judgment *must* be appealed within 30 days, or within 30 days after the entry of the order disposing of the last pending motion directed against that judgment (Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015)). See *In re Estate of Kime*, 95 Ill. App. 3d 262, 268 (1981) ("the time for appeal of such orders [is] mandatory, and not optional"). The purpose of

Rule 304(b)(1) is to provide for the prompt and efficient resolution of specific issues during the often lengthy process of estate administration. See *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616 (1996) (explaining that order construing will and approving sale of farm was final and had to be appealed within 30 days under Rule 304(b)(1)).

¶ 11    Instead of immediately appealing the trial court's December 1, 2016, judgment under Rule 304(b)(1), defendants filed a motion requesting an immediate-appealability finding under Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010). At no time did defendants file a motion directed against the December 1, 2016, judgment. Ultimately, defendants' Rule 304(a) motion was not heard until February 10, 2017. At that hearing, the trial court explained that it had not "willy-nilly" omitted a Rule 304(a) finding from its December 1, 2016, judgment. Rather, the court explained, it had believed that the judgment was immediately appealable under Rule 304(b)(1). Without directly responding to the court's statement, defendants asserted that they had requested a Rule 304(a) finding "out of an abundance of caution." The court issued a Rule 304(a) finding, and defendants filed their notice of appeal on March 8, 2017.

¶ 12    The trial court was correct regarding Rule 304(b)(1). We have an independent duty to consider our jurisdiction before addressing the merits of a case and to dismiss an appeal where jurisdiction is lacking. See *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). Here, as plaintiffs point out, defendants' notice of appeal was not filed within 30 days of the entry of the December 1, 2016, judgment. Moreover, defendants never filed a timely motion directed against the judgment to toll the time for filing a notice of appeal. *Cf.* Ill. S. Ct. R. 303(a) (eff. Jan. 1, 2015). As we explained in *In re Estate of Russell*, 372 Ill. App. 3d 591, 595 (2007), when an order is already immediately appealable under Rule 304(b)(1), the rendition of "a superfluous Rule 304(a) finding *** does not extend the time for appeal."

¶ 13    The only question then is whether the trial court's December 1, 2016, judgment was immediately appealable under Rule 304(b)(1). We find that it was. Defendants claim that count I of plaintiffs' complaint sought only declaratory relief, "nothing more, nothing less." Further, defendants assert that this case involves "a privately administered trust"—namely Russell's bypass trust, to say nothing of the land trust—and thus is not a "formal" or "lengthy" probate proceeding involving Shirley's estate. In other words, according to defendants, "this case has no accountings to resolve, no claims to litigate, and contains nothing characteristic of estate (or similar) proceedings" and therefore is not subject to Rule 304(b)(1).

¶ 14    Defendants are incorrect on several points. First, plaintiffs' count I did seek "more" than merely declaratory relief; it specifically sought an order *compelling* the land-trust trustee to *transfer* Shirley's beneficial interest to plaintiffs pursuant to the terms of Shirley's second codicil. Notably, this required the court to conduct a bench trial to determine Shirley's testamentary intent, a legal matter that is practically the quintessence of an estate proceeding. As was explained in *Thorp*, a court order construing a will and directing the transfer of property pursuant to that will must be promptly appealed under Rule 304(b)(1), or not at all, precisely because the court's construction of a will is "one of the specific issues in an estate administration which requires certainty" as it is "binding on all the interested parties." *Thorp*, 282 Ill. App. 3d at 617. Here, the court entered a final judgment transferring an interest in a trust (property) to plaintiffs, pursuant to the terms of Shirley's will. That order was binding on all parties. See *id.*

- 4 -

¶ 15    In addition, contrary to defendants' assertion, the bypass trust's involvement in the litigation did not insulate these proceedings from the requirements of Rule 304(b)(1). As we noted in *Russell*, "[a] proceeding relating to the administration of a trust is a 'similar proceeding' that can generate orders appealable under Rule 304(b)(1)" when the court's oversight of the trust is "similar to the comprehensive court proceedings associated with the administration of an estate." *Russell*, 372 Ill. App. 3d at 593 (citing *Lampe v. Pawlarczyk*, 314 Ill. App. 3d 455, 470-72 (2000)). Here, given the nature of the relief sought in count I, the trial court was asked to consider whether the trustee of the land trust should transfer the one-half interest—in what appears to be that trust's largest if not its only asset—from the bypass trust to plaintiffs. In other words, by transferring the one-half interest in the land trust's primary object, as well as the bypass trust's most significant asset, and dealing with a contest over Shirley's second codicil, the trial court resolved a matter that was a "similar proceeding" to the administration of an estate under Rule 304(b)(1). In comparison, a court's removal of a trustee or involvement in a trust's day-to-day operations seems downright trivial. See *id.* (holding that the court's replacement of a trustee and its authorization to pay the trust's routine bills "ma[de] the proceeding similar to the administration of an estate and so capable of generating orders appealable under Rule 304(b)(1)").

¶ 16    In sum, we determine that the proceedings in the trial court were sufficiently similar to the proceedings associated with the administration of an estate. The December 1, 2016, judgment was final and immediately appealable under Rule 304(b)(1). Consequently, a Rule 304(a) finding was superfluous, and defendants' March 8, 2017, notice of appeal was untimely. Therefore, we dismiss this appeal. See *Ex parte McCardle*, 74 U.S. (6 Wall.) 506, 514 (1868) (without jurisdiction "the only function remaining to the court is that of announcing the fact and dismissing the cause").

¶ 17    Appeal dismissed.