2021 IL App (2d) 210345-U
No. 2-21-0345
Order filed December 17, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| RICKY KITCH, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19-AR-1893 |
| | ) | |
| LUCKY MOTORS, INC., | ) | Honorable |
| | ) | Robert E. Douglas |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Bridges and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court dismissed this appeal for lack of jurisdiction where the matter was not appealable pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 2    Plaintiff, Ricky Kitch, purchased a used car from defendant, Lucky Motors, Inc. When plaintiff received the car, he allegedly discovered that it was completely rusted on its underside. Defendant refused plaintiff's request for a refund. Plaintiff sued defendant in the circuit court of Du Page County. The court granted partial summary judgment in plaintiff's favor with respect to one of the legal theories that plaintiff articulated in count IV of his amended complaint. Defendant

appeals pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). We dismiss the appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4                              A. The Amended Complaint

¶ 5     On February 27, 2020, plaintiff filed an amended complaint. In count I, he requested injunctive relief pursuant to section 2310(d) of the Magnuson-Moss Warranty Act (15 U.S.C. § 2310(d) (2016)). He alleged that there was an implied warranty of merchantability that arose by operation of law pursuant to section 2L of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/2L (West 2018)). Plaintiff further alleged that the car that he purchased was "defective and unmerchantable." As his relief, plaintiff requested (1) an order "recognizing his revocation of acceptance and cancellation of his contract with Defendant and return of all of his money," (2) litigation expenses and costs, (3) attorney fees, and (4) other appropriate and just relief.

¶ 6     In count II, plaintiff alleged that defendant breached an implied warranty of merchantability that arose by operation of law pursuant to section 2L of the Consumer Fraud Act, entitling him to damages pursuant to section 2310(d) of the Magnuson-Moss Warranty Act. As his relief, plaintiff requested (1) money damages, (2) litigation expenses and costs, (3) attorney fees, and (4) other appropriate and just relief.

¶ 7     In count III, plaintiff sought to revoke his acceptance of the car and to cancel the sales contract pursuant to sections 2-608 and 2-711(1) of the Uniform Commercial Code (810 ILCS 5/2-608, 2-711(1) (West 2018)). Plaintiff incorporated prior paragraphs of the complaint by reference, again alleging that an implied warranty of merchantability arose by operation of law pursuant to section 2L of the Consumer Fraud Act and that defendant breached that warranty because the car

was "defective and unmerchantable." As his relief, plaintiff requested (1) "actual, incidental, and consequential damages"; (2) litigation expenses and costs; (3) an order confirming his "rightful revocation of acceptance and cancellation of contract under Sections 2-608 and 2-711(1) of the [Uniform] Commercial Code"; (4) an order requiring defendant to "return the purchase price of the car"; and (5) other appropriate and just relief.

¶ 8        Plaintiff invoked the Consumer Fraud Act in count IV. He realleged and incorporated "all the factual allegations contained in all other paragraphs" of the amended complaint. According to plaintiff, defendant violated the Consumer Fraud Act "in at least three ways":

> "[(1)] it violated Section 2 of the Act by misrepresenting and concealing the condition of the car, [(2)] it violated Section 2 by refusing to comply with its own 30-day return guarantee, and [(3)] it violated Section 2L of the Act by contradicting the statutorily mandated language of Section 2L by writing 'AS IS' in the Buyers Guide, which made the 2L language not conspicuous, overshadowed it, and created confusion."

With respect to the first of these allegations, plaintiff asserted that defendant concealed the car's nature as a "rusted-out wreck." With respect to the second allegation, plaintiff claimed that defendant refused to refund his money, despite advertising "a 30-day, 'no questions asked' " guarantee. With respect to the third allegation, plaintiff theorized:

> "Defendant violated Section 2L of the [Consumer Fraud] Act because, even though it included the statutorily required language of Section 2L, it simultaneously nullified it by selling the car 'AS IS,' which is expressly prohibited by the Attorney General interpretation [*sic*] of Section 2L. This made the 2L disclosures: (1) ambiguous; (2) non-conspicuous; [and] (3) not applicable under [federal regulations] ***. Moreover, in its responses to Plaintiff's discovery, Defendant contended, under oath, and therefore made a judicial

admission that the transaction was 'AS IS,' and therefore now is estopped from denying it."

Plaintiff alleged that the above-described conduct damaged him in the amount of repair costs, out-of-pocket expenses, other incidental damages, loss of use of the car in the amount of at least $35 per day, and aggravation and inconvenience. According to plaintiff, defendant's conduct also gave rise to punitive damages. Specifically, plaintiff alleged that, on information and belief, defendant had a "practice and pattern" of "selling defective vehicles without disclosure." Plaintiff further alleged that defendant's conduct entitled him "to void the entire transaction" under section 2L of the Consumer Fraud Act. Plaintiff then purported to exercise his right under section 2L of the Consumer Fraud Act to void the transaction. As his prayer for relief in count IV, plaintiff requested (1) an order confirming his voiding of the transaction and requiring defendant to return his money in exchange for taking the car back, (2) actual damages and punitive damages, (3) litigation expenses and costs, (4) attorney fees, and (5) other appropriate and just relief.

¶ 9     In count V, plaintiff alleged common law fraud. He realleged and incorporated all factual allegations contained in other paragraphs of the amended complaint. Plaintiff then alleged that defendant committed fraud during a phone call on August 2, 2019, because somebody named Mario Lipira responded "no" when plaintiff asked whether there were "any rust issues on the car." According to plaintiff, defendant "breached its duty of honesty in the transaction, as imposed by the good faith provisions of the [Uniform Commercial Code] ***, and as imposed by the common law of fraud." Plaintiff alleged that, when he learned the true condition of the car, defendant gave him "a run-around and refused to take the car back and give back his money." As his relief, plaintiff requested (1) actual damages and punitive damages, (2) litigation expenses and costs, and (3) other appropriate and just relief.

¶ 10    Count VI of the amended complaint was similar to count V. Plaintiff realleged and incorporated all factual allegations contained in the other paragraphs of the amended complaint. Plaintiff then alleged that defendant fraudulently misrepresented and concealed the condition of the car during plaintiff's August 2, 2019, telephone conversation with Lipira. As his relief, plaintiff requested (1) actual damages and punitive damages, (2) litigation expenses and costs, and (3) other appropriate and just relief.

¶ 11                    B. Plaintiff's Motion for Partial Summary Judgment

¶ 12    On April 27, 2020, plaintiff moved for "partial summary judgment under Section 2L of the Consumer Fraud Act." Plaintiff argued that defendant violated Section 2L of the Consumer Fraud Act because, even though the parties' sales contract appropriately included notice of an implied warranty, defendant improperly disclaimed such warranty in the accompanying Buyer's Guide. As his relief in this motion, plaintiff requested (1) "partial summary judgment on Section 2L of Count IV" of the amended complaint, (2) an order voiding the transaction, and (3) other equitable and just relief.

¶ 13    On March 17, 2021, the court granted plaintiff's motion for partial summary judgment without further determining the rights of the parties, such as by assessing damages or explicitly voiding the transaction. The court included Rule 304(a) language in its order.

¶ 14    On April 13, 2021, defendant moved the court to reconsider the March 17 order and to allow defendant to file an affirmative defense. On June 2, 2021, the court denied defendant's motion. This order did not include Rule 304(a) language.

¶ 15    On June 15, 2021, defendant moved the court to add Rule 304(a) language to the June 2, order. Plaintiff filed a response indicating that he had no objection to defendant's request. However, plaintiff proposed an alternative for the court's consideration:

"Given that Plaintiff received full relief as a result of the Court's ruling, Plaintiff would like to dismiss without prejudice his remaining claims, file his fee petition, obtain a ruling, and obtain a final and appealable order. Then Defendant can take its appeal. From Plaintiff's perspective this route is preferable, because, instead of staying the reaming [*sic*] claims, or even going through a jury trial on the remaining claims (which are cumulative), at the very least the case would be over at the trial level, rather than linger in two courts at the same time for the next year or two."

¶ 16    On June 23, 2021, the court granted defendant's request to add Rule 304(a) language to the June 2 order. The court appearance that day was very brief, encompassing only 2 ½ pages of transcript. The court stated that it was "more than willing" to make Rule 304(a) findings, though it noted that plaintiff proposed an alternative course of action. The court asked defendant's counsel what his "pleasure" was on that issue. Defendant's counsel requested Rule 304(a) findings. The court then made such findings without explaining its reasons for doing so.

¶ 17    On June 24, 2021, defendant filed a notice of appeal.

¶ 18                                II. ANALYSIS

¶ 19    Although the parties do not question our jurisdiction, we have an independent duty to consider our jurisdiction and to dismiss the appeal if jurisdiction is lacking. *Houghtaylen v. Russell D. Houghtaylen By-Pass Trust*, 2017 IL App (2d) 170195, ¶ 12. We determine that jurisdiction is lacking.

¶ 20    Rule 304(a) provides, in relevant portion:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for

delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). There are two requirements for appellate jurisdiction pursuant to Rule 304(a): (1) the order appealed from must be final and (2) there must be no just reason to delay an appeal. *National Rifle & Pistol Academy, LLC v. EFN Brookshire Property, LLC*, 2020 IL App (2d) 191143, ¶ 33. The first requirement is not met here.

¶ 21    An order is final for purposes of Rule 304(a) if it "terminates the litigation between the parties on the merits" or "disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." *Blumenthal v. Brewer*, 2016 IL 118781, ¶¶ 23, 25. A final judgment is one that, if it is affirmed, leaves nothing for the trial court to do but to "proceed with execution of the judgment." *Blumenthal*, 2016 IL 118781, ¶ 25. An order that disposes of " 'separate, unrelated claims' " in an action is immediately appealable pursuant to Rule 304(a), but an order that merely disposes of " 'separate issues relating to the same claim' " is not. (Emphasis omitted.) *Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 15 (quoting *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983)).

¶ 22    Here, the trial court did not fully resolve any count of plaintiff's amended complaint. The court ruled in plaintiff's favor on one of the three legal theories that plaintiff articulated in count IV, but the court did not fully determine the parties' rights *vis-à-vis* that theory. As noted above, in count IV of the amended complaint, plaintiff requested (1) an order confirming his voiding of the transaction and requiring defendant to return his money in exchange for taking the car back, (2) actual damages and punitive damages, (3) litigation expenses and costs, (4) attorney fees, and (5) other appropriate and just relief. The court never explicitly ordered any of this relief. Even if the court's grant of partial summary judgment implicitly voided the sales transaction, the court never determined plaintiff's right to the other requested relief. We note that plaintiff's counsel

proposed obtaining a final order by filing and litigating a fee petition and then voluntarily dismissing other pending claims, but the court did not rule on that request.

¶ 23    Even if the trial court had fully adjudicated the parties' rights with respect to one issue in count IV of the amended complaint, there still would not be a final judgment in the action for purposes of Rule 304(a). Generally, Rule 304(a) does not allow for an immediate appeal when there are other claims pending that are based on the same operative facts. See *Illinois State Bar Ass'n Mutual Insurance Co. v. Canulli*, 2019 IL App (1st) 190141, ¶ 17 ("[I]f a claim based on the same operative facts remains pending when the court issues Rule 304(a) language, then the court has not resolved even a part of the dispute, and the order is nonfinal."). All counts of the amended complaint involved the same parties and arose out of the same operative facts. Plaintiff requested substantially similar relief in count IV as he did in other counts, and he incorporated the allegations of other counts into count IV. Accordingly, pursuant to the "same operative facts rule," there was no final judgment for purposes of Rule 304(a).

¶ 24    Our holding requires us to dismiss the appeal for lack of jurisdiction. We need not consider whether the trial court erroneously determined that there was no just reason to delay an appeal. We merely note that the court did not consider on the record any of the factors that would be pertinent to that analysis. See *Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372, 383 (1992).

¶ 25                                   III. CONCLUSION

¶ 26    The appeal is dismissed for lack of jurisdiction.

¶ 27    Appeal dismissed.